**STATE of Missouri, Respondent,**

v.

**Karl CRUMBAKER, Appellant.**

No. 53309.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied
July 26, 1988.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Jefferson City, Asst. Atty. Gen., for respondent.

Joseph M. Hadican, Clayton, for appellant.

GRIMM, Judge.

In this jury tried case, defendant appeals his conviction of selling cocaine, in violation

of § 195.020 (RSMo.1986), and his sentence, as a prior offender, to a term of 35 years imprisonment.

There are three allegations of error. First, that the trial court abused its discretion in admitting into evidence a package of cocaine, because "there was not reasonable assurance as to its condition due to a break in the requisite chain of custody." We disagree, because defendant did not object to its introduction, nor did he raise the issue in his motion for new trial. Second, that "the evidence submitted by the State did not support a conviction for the sale of a controlled substance" because the defendant "did not participate in any of the elements which constitute a sale." We disagree, because there was sufficient evidence presented on which a jury could base a judgment that defendant participated in a sale of cocaine. Third, that the trial court erred in giving the verdict directing instruction holding defendant responsible for the conduct of another, in that the instruction was contrary to the offense charged in the information. We disagree, because an instruction based on liability as an aider may be given even if the information does not charge defendant as an aider and abettor. We affirm.

On September 20, 1985, Andrew W. Rackers, an undercover police officer, met with Roy Lloyd, and Lloyd's brother, Bruce. The three drove to defendant's residence. There, Roy Lloyd introduced Rackers to defendant, who instructed them to sit down at a table in the dining room. Roy Lloyd told defendant, " 'John's [Rackers] looking for some coke.' " Defendant asked Rackers how much he wanted; Rackers replied, "A half a gram;" to which defendant replied, "All I have is a couple of dimes." Rackers responded by shaking his head affirmatively, and defendant left the room. Defendant returned with a small folded piece of aluminum foil, which he threw on the table in front of Rackers. Rackers opened up the package, saw that it contained a white powdery substance, and closed it back up, placing it in front of him on the table.

Meanwhile, Linda Lamberton had entered the room and had sat down at the table. A few minutes later, defendant and Roy Lloyd left and went out to the garage. Rackers got up to leave; Lamberton asked, "Do you want this?"; and Rackers replied, "How much?" Lamberton told him $10; Rackers put $10 on the table, picked up the aluminum foil package, and placed it in his jacket pocket. Rackers then walked out to the garage. In the garage, Roy Lloyd took out a hand rolled cigarette containing marijuana. Defendant and Lamberton rolled marijuana into cigarettes; all partook in smoking.

After leaving the defendant's residence, Rackers went to his residence, removed the package, and placed it in a metal lockbox. Two days later, Rackers turned it over to Detective Sergeant Norman Bruce who placed it in an evidence bag. Both Rackers and Bruce testified that the bag at trial was in substantially the same condition as when they had last seen it. Laboratory tests at the Missouri Highway Patrol disclosed that the powder was cocaine.

On November 4, 1985, the defendant was arrested. Thereafter, on the way to the sheriff's office, defendant told a detective that the marijuana in the house was his, that there was more than what a sergeant had found, and that he did not think there was anymore "coke" left in the house.

On appeal, defendant first alleges that the trial court abused its discretion in admitting the package of cocaine because "there was not reasonable assurance as to its condition due to a break in the requisite chain of custody."

At the time the state offered the package of cocaine into evidence, defense counsel stated, "We have no objection." The trial judge then admitted the exhibit. Defendant did not raise the issue of a lack of chain of custody at the time the exhibit was offered, nor in his motion for new trial. And even if such an objection had been made, the testimony was sufficient to support the decision of the trial court to admit the exhibit. Point denied.

Defendant's second point is that "the evidence submitted by the State did not

support a conviction for the sale of a controlled substance" because the defendant "did not participate in any of the elements which constitute a sale."

In determining if the evidence was sufficient to support the verdict, we must view the evidence in the light most favorable to it, giving the State the benefit of all reasonable inferences to be drawn from the evidence, and we ignore contrary evidence and inferences. The weight of the evidence in a jury tried case is not reviewable by an appellate court. *State v. Simmons*, 494 S.W.2d 302, 303 (Mo.Div.2 1973).

■ As used in Chapter 195, pertaining to Drug Regulations,

"Sale" includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee.

It is not necessary that the elements of a commercial sale, i.e., fixed price, delivery, and payment, be present in order to constitute a sale. *State v. Tierney*, 584 S.W.2d 618, 623 (Mo.App.W.D.1979); *State v. Felkins*, 599 S.W.2d 955, 957 (Mo.App.S.D. 1980). For, by statutory definition, "sale" includes a "gift;" a gift would not constitute a sale in the commercial sense. Thus, as the *Tierney* court said, the word "sale" ... "shall be given an application unconfined by definitions of the civil practice on commerce and contracts." *Tierney*, 584 S.W.2d at 623.

■ Here, the facts indicate that at defendant's house, defendant asked Rackers how much coke he wanted, and also stated that all he had was "a couple of dimes." A "dime," according to Rackers, is "more or less what a quarter gram is cut into" and its street value is worth $10. In response to defendant's statements, Rackers shook his head affirmatively whereupon defendant left the room and returned carrying a piece of aluminum foil, which contained a white powdery substance, that he threw on the table right in front of Rackers. Defendant then went outside, and Lamberton told Rackers that the coke cost $10. Rackers placed $10 on the table and then left

the house with the packet of coke in his jacket pocket.

From the evidence, a jury could conclude that defendant's actions constituted a sale under § 195.010 RSMo. The jury could find that defendant negotiated the price and delivered the goods. Defendant's actions, coupled with those of Lamberton, constituted sufficient evidence to support a conviction for sale of a controlled substance. Point denied.

Defendant's third issue is that the trial court erred in giving and reading the verdict directing instruction holding defendant responsible for the conduct of another person, in that the instruction was contrary to the offense charged in the information.

■ The information charged "defendant knowingly sold to Police Officer Andrew Rackers cocaine, a controlled substance." The verdict directing instruction, patterned after MAI–CR 3d 304.04, alleged that "defendant or Linda Lamberton sold to Andrew Rackers cocaine." Defendant contends that the instruction given held defendant responsible for conduct of others, contrary to the charge which only mentioned him. We interpret his complaint to be that if a defendant is charged as a "principal," the instruction must be worded in the same way, and cannot submit his responsibility as an "accomplice." However, such is not the law in Missouri. See, for example, *State v. Smith*, 655 S.W.2d 745, 748 (Mo.App.S.D.1983), where defendant was charged with stealing, and the instruction submitted guilt on the basis of defendant aiding three others in the stealing. There, the court said even though defendant "was charged in the information as a principal, yet it was proper to submit either active participation or aiding and abetting by the instruction." *See also*, *State v. Barnes*, 693 S.W.2d 331, 333 (Mo. App.S.D.1985), involving a similar allegation, and holding, in a robbery case.

Here, the evidence was sufficient to show that defendant acted together with or aided Linda Lamberton in the sale of the cocaine. Thus, the verdict directing in-

struction was properly submitted. Point denied.

The judgment is affirmed.

SIMON, P.J., and CRANDALL, J., concur.