James Lee BATSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 16033.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 14, 1989.

Kimberly Bonney Landman, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On June 29, 1988, movant James Lee Batson filed a verified pro se motion in the circuit court ("the hearing court") under Rule 24.035[1] to vacate his conviction of selling marihuana, § 195.020.1, RSMo 1986, and 10–year prison sentence. § 195.200.1(4), RSMo Supp.1987. The conviction resulted from a plea of guilty.

Because, as shall be henceforth explained, certain dates in the progress of the action through the hearing court are pertinent to our holdings in this opinion, we set forth the relevant chronology.

July 11, 1988. Hearing court refers movant's motion to public defender, as motion is accompanied by forma pauperis affidavit.

July 18, 1988. An assistant public defender files a motion on movant's behalf asking the hearing court for a 30–day extension of the deadline for filing an amended motion to vacate.[2] The motion for extension avers that movant was referred to the public defender July 11, 1988, that without an extension the amended motion to vacate will be due August 11, 1988, and that the extension prayed for would extend the due date of the amended motion to September 12, 1988. An attentive reader will quickly note that without an extension the deadline for filing an amended motion to vacate would have been August 10, 1988, not August 11. Rule 44.01(a). With a 30–day extension the deadline for filing an amended motion to vacate would have been September 9, 1988, not September 12. Rule 44.01(a).

September 12, 1988. The same assistant public defender files a motion on movant's behalf "pursuant to Rule 44.01(b)" asking the hearing court to grant an additional 30 days to file an amended motion to vacate. The motion for extension avers, among other things, that the amended motion to vacate is due that date (September 12), that Rule 24.035 does not allow counsel enough time to file movant's verified amended motion to vacate, that counsel has acted diligently in representing movant, that counsel has mailed a copy of movant's amended motion to vacate to him for verification, and that counsel filed an unverified copy of movant's amended motion that date (September 12).

September 16, 1988. Movant's verified amended motion to vacate is filed.

---

1. Rule references are to Missouri Rules of Court (19th ed.1988).

2. Rule 24.035 states:
   ". . . .
   (e) . . . When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. . . ."
   (f) . . . Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. . . ."

October 31, 1988. Hearing court enters findings of fact, conclusions of law, and order denying relief without an evidentiary hearing. The findings refer to the two motions for extension of time to file the amended motion to vacate, but say nothing about any ruling on either.

Movant brings this appeal from the hearing court's order. Movant's brief presents two points. The first is:

"The hearing court erred to [movant's] prejudice when it denied movant ... an evidentiary hearing because movant ... stated sufficient facts to warrant an evidentiary hearing in that movant ... was denied effective assistance of counsel when his trial attorney failed to object to errors in the presentence report and failed to conform his conduct to the care and skill of a reasonably competent lawyer rendering similar services under existing circumstances, thus depriving movant ... of due process, a fair trial, confrontation, and effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution and Article I, section 10 and 18(a) of the Missouri Constitution (1945)."

This assignment of error is based on an averment in movant's verified amended motion to vacate filed September 16, 1988. Movant's pro se motion filed June 29, 1988, contains no complaint that the lawyer who represented movant at time of sentencing failed to object to errors in the presentence investigation report.

In *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), a prisoner (Barnes) filed a pro se motion for post-conviction relief under Rule 29.15 on February 9, 1988. On February 24, 1988, the court appointed counsel. On April 29, 1988, counsel tendered an unverified amended motion and a request to file it out of time. The court, per Rule 29.15(f)—identical to Rule 24.035(f) [3]—refused permission to file the amended motion, and dismissed the pro se motion for failure to state a cause of action. 770 S.W.2d at 695. On appeal the Supreme Court of Missouri held that the time limita-

tions in Rules 24.035 and 29.15 are valid and mandatory, 770 S.W.2d at 695[1], and that under Rule 29.15(f) Barnes had a maximum of 60 days from the date counsel was appointed to file an amended motion, which had to be verified. 770 S.W.2d at 696. The circuit court's ruling was upheld.

In the instant case the record before us contains no order by the hearing court purporting to grant either of movant's requests for extension of time to file the amended motion. The hearing court nonetheless considered movant's verified amended motion to vacate on the merits. Consequently, it could conceivably be argued that the hearing court by implication granted leave to file the verified amended motion out of time.

We are convinced, however, that in *Day* the Supreme Court of Missouri was clearly stating that the time limitation in Rule 24.035(f) for filing an amended motion cannot be extended—under Rule 44.01(b) or any other rule—beyond the period specified in Rule 24.035(f). To hold otherwise would emasculate Rule 24.035(f). Hence any order, implicit or otherwise, by the hearing court purporting to extend the deadline for filing movant's amended motion to vacate beyond 60 days from the date the public defender was appointed to represent movant would have been without legal efficacy.

■ Movant's failure to file his verified amended motion to vacate within the time specified by Rule 24.035(f) constituted a waiver of all grounds for relief asserted in such motion. *Day*, 770 S.W.2d at 696[2].

■ As reported earlier, the motion of September 12, 1988, for extension of time recited that an unverified copy of the amended motion to vacate was filed that date. While that pleading is not included in the record on appeal, we assume its allegations were identical to those of the verified amended motion to vacate. Even so, however, the unverified version avails movant nothing inasmuch as (1) it was filed beyond the time limitation of Rule 24.035(f), and (2) it was unverified, and there-

**3.** Footnote 2, *supra.*

fore a nullity. *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989).

■ As the ground for relief mentioned in movant's first point on appeal was never presented to the hearing court by a timely verified motion, such ground could not have supplied a basis for relief and the hearing court obviously cannot be convicted of error in rejecting it. Movant's first point is denied.

His second point:

"The hearing court erred to [movant's] prejudice when it denied [him] an evidentiary hearing because movant ... stated sufficient facts to warrant an evidentiary hearing in that movant ... was denied effective assistance of counsel when his trial attorney led him to believe that he would receive probation or a short jail term upon a plea of guilty and thus failed to conform his conduct to the care and skill of a reasonably competent lawyer rendering similar services under existing circumstances, thus depriving movant ... of due process, a fair trial, confrontation, and effective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, sections 10 and 18(a) of the Missouri Constitution (1945), and thus rendering [movant's] plea involuntary, unintelligent and unknowing."

Movant's pro se motion made the same allegation regarding the assurance of probation or a short jail term as movant's second point on appeal, thus that contention was properly before the hearing court.

The hearing court took into account the transcript of the proceedings at which movant entered his plea of guilty and received his sentence. The transcript shows that upon questioning by the court that accepted his plea ("the plea court") movant, after being placed under oath, acknowledged that his plea of guilty was being entered pursuant to a plea agreement wherein (a) the prosecutor would dismiss a separate two-count information then pending against movant, (b) the prosecutor would recommend a sentence no greater than ten years' imprisonment, (c) movant could ar-

gue for probation, and (d) the prosecutor could argue against probation. Movant assured the plea court that aside from the plea agreement no promises had been made to him, and that he understood he "may or may not receive probation." Movant's lawyer confirmed to the plea court that he had informed movant the range of punishment was "[f]ive to life."

At time of sentencing the transcript shows:

"THE COURT: Other than the plea bargain did your attorney communicate any threats or promises to you to induce you to enter your plea of guilty?

[Movant]: No, sir.

THE COURT: Are you satisfied with the services rendered to you by ... your attorney regardless of whether or not you are satisfied with the outcome?

[Movant]: Yes, sir.

THE COURT: Is there anything you wish to add concerning the assistance you've received from your attorney?

[Movant]: No."

The hearing court's findings included this:

"... the record shows that the Movant knew the range of punishment that could be imposed for the crime for which [he] was pleading guilty. Further, the [movant] was informed that the State's recommendation would be up to ten years ... with the State retaining the right to argue against probation. As a further incentive for [movant's] plea, the State promised to dismiss all other filed charges. However, aside from that which has been mentioned, [movant] was not promised anything else, including probation or a shorter jail term."

Our review is limited to a determination of whether the findings and conclusions of the hearing court are clearly erroneous. Rule 24.035(j); *Day*, 770 S.W.2d at 695.

■ To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record;

and the matters complained of must have resulted in prejudice to the prisoner. *Boggs v. State*, 742 S.W.2d 591, 594[1] (Mo. App.1987); *Mannon v. State*, 727 S.W.2d 936, 938[1] (Mo.App.1987); *Baker v. State*, 680 S.W.2d 278, 281[3] (Mo.App.1984).

Here the record in the plea court conclusively refutes movant's allegation that his "trial attorney" led him to believe he would receive probation or a short jail term. The hearing court's finding that movant was not promised probation or a shorter jail term was manifestly correct, and the hearing court did not err in denying relief without an evidentiary hearing on that issue. *Reeder v. State*, 712 S.W.2d 431, 433 (Mo.App.1986).

Movant's second point is denied and the order of the hearing court is affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.