Carol Jean KLAUS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56779.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1990.

**456**

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Movant, Carol Jean Klaus, appeals the denial of her Rule 29.15 motion without an evidentiary hearing. We reverse and remand. As certain dates in the progress of this action are pertinent to our holdings in this opinion, we set forth the following facts.

Movant was convicted by a jury on January 10, 1986, of murder in the second degree and armed criminal action for which she was sentenced to a total of twenty eight years imprisonment. This court affirmed her conviction on appeal. *State v. Klaus*, 730 S.W.2d 571 (Mo.App., E.D. 1987).

On June 28, 1988, movant filed her *pro se* motion under Rule 29.15. Counsel was appointed for movant on July 1, 1988. After the court granted an extension of time, counsel filed an amended motion on September 21, 1988. A second amended motion was filed on October 6, 1988. The motion court denied movant's 29.15 motion without an evidentiary hearing and this appeal ensued.

This court's determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Wooten v. State*, 776 S.W.2d 453, 454 (Mo.App., E.D.1989). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Id.*

In *Batson v. State*, 774 S.W.2d 882 (Mo.App., S.D.1989), the movant filed his verified *pro se* motion on June 29, 1988. Counsel was appointed for movant on July 11, 1988. On September 16, 1988, after several motions for extension of time, the first amended motion was filed. The court of appeals there held that "the time limitation in Rule 24.035(f) for filing an amended motion cannot be extended—under Rule 44.01(b) or any other rule—beyond the period specified in Rule 24.035(f). To hold otherwise would emasculate Rule 24.035(f). Hence any order, implicit or otherwise, by a hearing court purporting to extend the deadline for filing movant's amended motion. to vacate beyond 60 days from the date the public defender was appointed to represent movant would have been without legal efficacy." *Id.* at 884.

Rule 24.035(f) is identical to Rule 29.15(f) and we believe that the holding in *Batson* should, therefore, apply in a similar manner. The amended motion here was not filed until 80 days after counsel was appointed and, as such, the grounds asserted in the amended motion were waived and the motion itself was a legal nullity. *Batson*, 774 S.W.2d at 884–885.

The motion court, therefore, should have considered only the *pro se* motion of the movant and should not have given any consideration to the amended motions. A review of the findings of fact and conclusions of law, however, reveals that the motion court failed to do so. Several points raised in the *pro se* motion, thus, were not addressed by the motion court.

Rule 29.15(i) in part, provides that "the court shall issue findings of fact and conclusions of law on *all issues* presented, whether or not a hearing is held." (Emphasis added). The motion court here failed to issue findings and conclusions on the allegations contained in the *pro se* motion. This court must, therefore, reverse and remand for adequate findings of fact and conclusions of law and whatever other

action the Rule 29.15 court deems necessary.

Reversed and remanded.