**Brad Alan STAGGS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56429.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied
April 17, 1990.

Michael C. Todt, David C. Hemingway, Marc B. Fried, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Brad Staggs, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We reverse and remand.

On October 7, 1987, movant pled guilty to four counts of robbery in the first degree, four counts of armed criminal action and one count of assault in the first degree. On October 16, 1987, movant was sentenced to thirty years on each of the counts of robbery in the first degree and armed criminal action and fifteen years on the count of assault in the first degree, all sentences to be served concurrently with each other and also with sentences served in Illinois.

Appellant filed his Rule 24.035 motion on July 1, 1988. An amended motion was filed on October 12, 1988. On February 6, 1989, the motion court denied movant's motion on the merits. Finding that the motion was filed out of time, we reverse and re-

mand with instructions to dismiss movant's motion as untimely filed.

Rule 24.035(*l*) states in pertinent part:

If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 24.035 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 24.035.

In the present case, movant pled guilty and was sentenced prior to January 1, 1988. His *pro se* motion was not filed until July 1, 1988. Movant's failure to meet the time requirements of rule 24.035 constituted a complete waiver of right to proceed under Rule 24.035. *Day v. State*, 770 S.W.2d 692, 694 (Mo. banc 1989); Rule 24.035(*l*).

It may be claimed that, by deciding movant's motion on the merits, the motion court, by implication, granted leave to file movant's motion out of time. In *Batson v. State*, 774 S.W.2d 882 (Mo.App., S.D.1989), a similar question was presented regarding the time limitations for filing amended motions under Rule 24.035(f). The court there stated that "the time limitation in Rule 24.035(f) for filing an amended motion cannot be extended—under Rule 44.01(b) or any other rule—beyond the period specified in Rule 24.035(f). To hold otherwise would emasculate rule 24.035(f). Hence any order, implicit or otherwise, by the hearing court purporting to extend the deadline for filing movant's amended motion to vacate ... would have been without legal ethicacy." *Id.* at 884.

This court finds *Batson* to be persuasive precedent and holds that, as the time requirements of Rule 24.035(*l*) are "valid and mandatory," *Day v. State*, 770 S.W.2d at 695, any order, therefore, implicit or otherwise, which purports to extend the deadline for filing a Rule 24.035 motion is a legal nullity.

As movant's Rule 24.035 motion was never presented to the hearing court in a timely manner, the judgment is reversed and remanded with directions to dismiss movant's motion as untimely filed.

REINHARD and CRIST, JJ., concur.