**Rollan STANLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56941.**

Missouri Court of Appeals,
Eastern District.

March 20, 1990.

Marc B. Fried, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Elizabeth L. Ziegler, Asst. Attys. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Rollan Stanley, appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We reverse and remand.

Movant was found guilty of stealing after a bench trial and was sentenced as a prior and persistent offender to a term of fifteen years imprisonment. His sentence was affirmed on direct appeal by this court in *State v. Stanley*, 736 S.W.2d 510 (Mo. App.1987).

On February 3, 1988, movant filed a *pro se* motion for postconviction relief under Rule 27.26 alleging that trial counsel was ineffective in failing to provide movant with a copy of his indictment until the day of trial, and that a defect existed in the indictment charging movant as a persistent offender. We note that Rule 27.26 was repealed effective January 1, 1988. Thus, this motion properly falls under Rule 29.15 and will be treated as such. *See* Rule 29.15(m).

After appointment of counsel, an amended motion was filed on April 21, 1988 incorporating, by reference, the allegations contained in movant's original *pro se* motion and requesting an evidentiary hearing. The amended motion further alleged that trial counsel's ineffectiveness in failing to provide movant with a copy of his indictment and information made it impossible for movant to aid in the preparation of his case, and precluded movant from making intelligent choices concerning his case.

An evidentiary hearing was held on October 14, 1988 during which movant testified about flaws in his indictment regarding his prior and persistent offender status, and that he "never could get any indictment from [trial counsel]. . . ." Counsel for the state informed the motion court that a substitute information had been filed in lieu of the indictment, and requested the motion court to take judicial notice of this substitute information. The motion court

agreed. However, neither the original indictment nor the substitute information is part of the record before us.

The motion court denied movant's request for postconviction relief on May 18, 1989. In its order, the motion court stated that the evidence adduced at movant's trial was sufficient to sustain his conviction, that the search of movant incident to his arrest was legal, and that movant has failed to show "that there was a reasonable probability that he would have been acquitted absent his alleged errors of trial counsel as set out in his pro se Motion or in his amended Motion.... Movant's trial counsel was not ineffective." Although the motion court noted that movant argued trial counsel's ineffectiveness in failing to give him a copy of his indictment and information, the motion court failed to address this issue before summarily concluding that trial counsel was not ineffective. Further, the order fails to address movant's claim that a defect existed in his indictment regarding his prior and persistent offender status.

In his sole point on appeal, movant contends that the motion court "clearly erred in failing to squarely address [movant's] claim that [trial counsel] failed to challenge to [sic] the sufficiency of the state's charge and proof of his alleged persistent offender status." Movant requests a remand for the entry of findings of fact and conclusions of law on this issue as required by Rule 29.15(i). We agree.

Rule 29.15(i) provides, in relevant part, that "[t]he court shall issue findings of fact and conclusions of law on *all issues* presented, whether or not a hearing is held...." (Emphasis added). *See Klaus v. State*, 782 S.W.2d 455, 456[3] (Mo.App. 1990). The purpose of this requirement is to provide meaningful appellate review of the motion court's order. *Short v. State*, 771 S.W.2d 859, 864[6] (Mo.App.1989). Here, the motion court's order dealing with the sufficiency of the evidence presented at movant's trial and the legality of a search of movant fails to address the contentions raised in the *pro se* and amended motions and at the evidentiary hearing. Accordingly, we reverse and remand with instructions to the motion court to enter findings

of fact and conclusions of law on all issues presented in accordance with Rule 29.15(i).

Judgment reversed and remanded with instructions.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.