Eric Adam SCHNEIDER, Appellant,

v.

STATE of Missouri, Respondent.

No. 71960.

Supreme Court of Missouri,
En Banc.

April 17, 1990.

Rehearing Denied May 15, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Eric Schneider was convicted by a jury of murder in the first degree. The jury assessed his punishment at death. The trial court entered judgment accordingly; this Court affirmed the judgment on direct appeal. *State v. Schneider,* 736 S.W.2d 392 (Mo. banc 1987). Schneider now appeals from the judgment in denial of his motion to vacate judgment and sentence pursuant to Rule 29.15. Affirmed.

At the outset of this review, the circumstances of this case require a construction and direction to bench and bar with respect to Rule 29.15(f):

> Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion

for one additional period not to exceed thirty days.

Schneider moved, *pro se*, for relief under Rule 29.15, February 4, 1988. The trial court appointed counsel for movant February 23, 1988. On March 7, 1988, counsel contracted by the public defender's office pursuant to section 600.021, RSMo., entered appearance and requested an additional thirty days to file an amended motion. The extension was granted and the amended motion was filed May 2, 1988.

Arguably, the points presented in the amended motion are time barred because the thirty day period ran from February 23, 1988, the date of appointment of counsel, and the thirty day extension ran to April 24, 1988. It is also plausible to argue the time ran from the date of contract counsel's entry of appearance, in which case, time ran to May 6, 1988, and the amended motion was timely filed May 2, 1988.

Because of this ambiguity in Rule 29.-15(f), and its application in this case, this Court resolves the resulting dilemma in favor of full review of all points presented by the *pro se* and amended motions. *See Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990).

■ Hereafter, until it may be appropriately amended, Rule 29.15(f) time limits shall be construed and applied as beginning the earlier of the date counsel is appointed or the date of entry of appearance of any counsel that is not appointed but enters an appearance to provide defense services. The foregoing construction and application shall apply to all motions for post-conviction relief affected by Rule 29.15(f) from and after the publication date of this opinion in West's South Western Reporter series.

Appellate review of a denial of post-conviction relief is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.-15(j). The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Day v.*

*State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989).

■ Schneider charges counsel was ineffective in failing to seek a mental evaluation. Dr. Daniel testified at the Rule 29.15 hearing that Schneider had a history of hyperactivity and was capable of rehabilitation based on his remorse. Schneider asserts counsel should have been put on notice by his drug abuse, hyperactivity, cutting of his wrist, his two sisters' psychiatric history, and the absence of a sociopathic diagnosis; and an examination would show his capacity for remorse, rehabilitation, and productive work.

Trial counsel testified Schneider was always coherent, understandable, and understood the charges against him. He saw no indication of mental disease or defect, nor any history of such in interviews with movant's family. An examination under Chapter 552 in January of 1983 found Schneider to understand the nature of the proceedings against him; able to assist in his own defense; and to have no mental disease or defect. Counsel also testified there existed a "substantial likelihood" that an unfavorable conclusion would result from another evaluation. Counsel felt that having a psychiatrist testify that Schneider denied committing the crime, would show a lack of remorse by Schneider. Counsel felt uncomfortable with Schneider discussing the case with a third party because the issue of guilt was being contested, and the prosecutor might obtain prejudicial, discoverable information.

Counsel stated Schneider had seven felony convictions and was facing two homicides and was involved in other criminal activities. Counsel was afraid Schneider would be evaluated as a sociopath or someone not concerned with the interest of society. Having no indication that an examination would provide beneficial information and fearing that it could provide aggravating circumstances given Schneider's past criminal record and manner, counsel decided, as a matter of trial strategy, not to have a psychological examination done.

■ Trial counsel is presumed to be competent, *Strickland v. Washington*, 466

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and is vested with broad discretion in conducting a defense. *Jones v. State,* 598 S.W.2d 595, 597 (Mo.App.1980). To determine ineffective assistance of trial counsel, movant must show his trial counsel was ineffective and he was prejudiced pursuant to *Strickland,* 466 U.S. at 687–88, 694–95, 104 S.Ct. at 2068–69. Every effort must be made to eliminate the distorting effects of hindsight, the questioned conduct being evaluated from trial counsel's perspective at the time. *Id.* at 689, 104 S.Ct. at 2065. Movant fails his burden to show how a psychological evaluation would have changed the outcome of the case.

■ Schneider charges trial counsel was ineffective in failing to present adequate evidence at the penalty phase. He asserts many family members were available to testify to his good character traits.

■ Counsel has no absolute duty to present mitigating character evidence at the penalty phase of a trial, *Jones v. State,* 767 S.W.2d 41, 43 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 207, 107 L.Ed.2d 160 (1989), and is not required to present a defendant's background in mitigation in a death penalty case, *see Newlon v. State,* 705 S.W.2d 590, 594–95 (Mo.App. 1986). Counsel has "a duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary." *Jones,* 767 S.W.2d at 43. In particular, the reasonableness of counsel's decision depends upon the strategic choices and information provided by defendant. *Id.* and *see generally Clemmons,* 785 S.W.2d at 527.

■ The motion court found counsel called Schneider's mother during the penalty phase and, after consulting with the family, determined they were too upset over the verdict to be effective witnesses at the penalty phase. The motion court also found that the family members that testified were "weak and offered little." Coun-

sel testified that family members never accepted that appellant was convicted and they were upset with the jury, and he did not believe they would cooperate with questioning. Counsel also feared they would say that the codefendant had plea bargained, which had been ruled inadmissible. After interviewing these witnesses and observing their demeanor, counsel determined as a matter of strategy not to call them as punishment phase witnesses. If an attorney believes the testimony would not provide unequivocal support of his client's position, it is a matter of trial strategy to decline to call him as a witness. *Laws v. State,* 708 S.W.2d 182, 187 (Mo.App.1986). Schneider was not prejudiced and counsel was not ineffective in investigating these witnesses and strategically determining to call Schneider's mother as the sole family member to testify regarding Schneider's character.

■ Schneider asserts the motion court committed plain error and his counsel was ineffective for not objecting to an instruction modeled after MAI–CR2d 13.44 [1] on submission of mitigating circumstances.

■ This issue is being raised for the first time on appeal. Claims of trial error are not cognizable in a Rule 29.15 motion except where fundamental fairness requires otherwise, and then, only in rare and exceptional circumstances. *Walls v. State,* 779 S.W.2d 560, 563 (Mo. banc 1989). Movant demonstrates no exceptional circumstances here. The defense requested this instruction and cannot now attack it as "invalid" and "prejudicial." *Clemmons,* 785 S.W.2d at 527. Although Schneider asserts his trial counsel was ineffective for not objecting to this instruction, he does not allege his trial counsel was ineffective for submitting this instruction. Further, the instruction meets the tests of *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), and *Skipper v. South Carolina,* 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), *see Roberts v. State,* 775 S.W.2d 92, 96 (Mo. banc 1989), and is

---

1. MAI–CR2d 13.44 is substantially the same as MAI–CR3d 313.44 for the purposes of this analysis.

constitutional. *See Blystone v. Pennsylvania,* — U.S. —, —, 110 S.Ct. 1078, 1081–83, 108 L.Ed.2d 255 (1990), affirming 519 Pa. 450, 549 A.2d 81 (1988).

The judgment is affirmed, and the attention of bench and bar is directed to the construction and direction with respect to Rule 29.15(f) stated at the outset of this opinion.

All concur.