Terrance CLAYTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 42983.

Missouri Court of Appeals,
Western District.

Sept. 25, 1990.

---

David S. Durbin, Terri L. Backhus, Office of State Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Terrance Clayton filed a pro se motion pursuant to Rule 29.15 to vacate his conviction and sentence for first degree assault. The court overruled the motion without a hearing or making findings of fact and conclusions of law and Clayton contends this was error. Reversed and remanded.

Clayton was found guilty by a jury of first degree assault and sentence was imposed of fifteen years imprisonment. On June 1, 1989, Clayton timely filed a pro se motion pursuant to Rule 29.15 to have his conviction and sentence vacated. On October 10, 1989, the court appointed counsel for Clayton and thereafter counsel filed two amended motions but both were untimely. Thereafter, the court entered an order reciting that the court took up the second amended motion and found that it was not timely filed and overruled the motion. No mention is made in the court's order of the pro se motion.

■ Clayton contends that the court was required to make findings of fact and conclusions of law because his pro se motion was timely filed and was before the court even though the amended motions were not timely filed. This case is almost identical to *Klaus v. State,* 782 S.W.2d 455 (Mo.App. 1990). In that case a pro se motion was timely filed but amended motions were not. The court held that the pro se motion should have been considered and reversed because of the failure to make findings of fact and conclusions of law.

In this case the pro se motion was properly before the court because it was timely filed. In addition, Clayton filed a timely request for a hearing on the motion. The court failed to take note of the request for the hearing or to rule on it.

■ The court should have considered the pro se motion and first decided whether a hearing should be held in accordance with Rule 29.15(g). Whether or not a hearing is held, Rule 29.15(i) requires the court to issue findings of fact and conclusions of law on all issues presented. For the failure to make findings of fact and conclusions of law the judgment must be reversed.

The judgment is reversed and this cause is remanded for further proceedings in conformity with Rule 29.15.

All concur.