Carol Jean **KLAUS**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 58397.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 29, 1991.

Ellen H. Flottman, Columbia, for appellant.

William H. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is an appeal from the denial of movant's Rule 29.15 motion without an evidentiary hearing. We affirm.

A jury convicted movant of murder in the second degree and armed criminal action on January 10, 1986. This court affirmed her conviction on May 12, 1987. *State v. Klaus,* 730 S.W.2d 571 (Mo.App.1987).

Movant filed a *pro se* motion under Rule 29.15 to vacate, set aside or correct her convictions on June 28, 1988. Counsel was appointed for movant on July 1, 1988, pursuant to Rule 29.15(e). Counsel filed an amended motion on September 21, 1988, and a second amended motion on October 6, 1988. The second amended motion included a request for an evidentiary hearing.

The motion court denied movant's amended motion on May 23, 1989, without an evidentiary hearing. Movant appealed that denial to this court on June 1, 1989. This court held the amended motion was properly denied for failure to comply with the filing requirements under Rule 29.15; however, the case was reversed and remanded for findings of fact and conclusions of law as to all grounds raised in movant's *pro se* motion. *Klaus v. State,* 782 S.W.2d 455 (Mo.App.1990).

On remand, the motion court considered movant's *pro se* motion. The motion alleged, *inter alia,* that movant was denied effective assistance of counsel, that medical testimony concerning possible medical malpractice was not presented, that newly discovered evidence had come to light, and that there had been a significant change in the Battered Spouse Defense law. The motion court made specific findings of fact and conclusions of law concerning all issues raised in movant's *pro se* motion, and the motion was denied without an evidentiary hearing.

Movant claims the motion court erred in denying her motion for post-conviction relief without first having held an evidentiary hearing pursuant to Rule 29.15(g). Movant's claim is premised on the argument that her *pro se* motion contains factual allegations of ineffective assistance of counsel and that the question of whether counsel provided movant with effective assistance requires examination of matters that lie outside the record; therefore, the motion court was required to hold an evidentiary hearing to hear those facts and assess their impact on the issue of trial counsel's effectiveness. We disagree.

Movant waived her right to a hearing by not timely filing her amended motion under the mandatory requirements of Rule 29.-15(g) and by failing to request a hearing in her *pro se* motion. Rule 29.15(g) states:

> *A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed.* Within fifteen days after the date an amended motion is required to be filed, the court shall determine whether to grant a hearing. *If no request for hearing is timely filed* or if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a *hearing shall not be held.* [Emphasis added.]

Movant filed her *pro se* motion on June 28, 1988. The *pro se* motion did not contain a request for a hearing. Counsel was appointed on July 1, 1988, and an amended motion, which included a request for an evidentiary hearing, was filed by counsel on October 6, 1988. The amended motion

was found to be a nullity by this court because it was not timely filed.

The Missouri Supreme Court recently held that a *pro se* request for an evidentiary hearing was properly denied where the request was not made on or before the date an amended motion was required to be filed under Rule 29.15(g). *Day v. State,* 770 S.W.2d 692, 696[5] (Mo.banc 1989), *cert. denied sub nom. Walker v. Missouri,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRANDALL, C.J., concur.