William FOSTER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 57174.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1991.

James S. McKay, St. Louis, Vicki A. Dempsey, Hannibal, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant, William Foster, appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

In September, 1978 movant was convicted by a jury of five counts of robbery in the first degree [1] and sentenced under the Prior Offender Act to 130 years in the Department of Corrections. Cause No. 78–1062. This court affirmed that conviction on direct appeal in *State v. Foster*, 600 S.W.2d 207 (Mo.App.1980).

On June 30, 1988, movant filed a timely *pro se* motion under Missouri Supreme Court Rule 29.15 alleging forty-three counts for post conviction relief. The Public Defender's Office was initially appointed to represent movant on August 11, 1988. On September 12, 1988, counsel was permitted to withdraw because of a conflict of interest and the Special Public Defender was appointed to represent movant. The trial court granted movant until November 10, 1988 to file an amended motion. On November 9, 1988, an unverified amended motion was filed realleging movant's ineffective assistance of counsel claims. After two continuances which were the fault of neither party, an evidentiary hearing was held on June 30, 1989. The motion court addressed each individual allegation of movant's amended motion in its findings of fact and conclusions of law and order denying movant's motion on July 7, 1989.

■ A threshold procedural issue presented is whether movant's amended motion was timely filed and properly verified. Rule 29.15 requires:

Any amended motion shall be *verified by movant* and shall be filed *within thirty days of the date counsel is appointed....* The Court may extend the time for filing the amended motion for *one additional period not to exceed thirty days.*

Rule 29.15(f) (emphasis added). The maximum time allowed to file an amended motion under this rule is 60 days from the date counsel is appointed. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989). Time limits shall be construed and applied as beginning on the earlier of the date counsel is appointed or the date of entry of appearance of any counsel that enters an appearance to defend movant. *Schneider v. State*, 787 S.W.2d 718, 720 (Mo. banc 1990) *cert. denied*, — U.S. —, 111 S.Ct. 231, 112 L.Ed.2d 186 (1990).

■ Because the Public Defender was appointed to represent movant on August 11, 1988, the earliest entry of counsel, an amended motion should have been filed by October 10, 1988 for it to be timely. The motion court, however, extended the deadline to November 10, 1988, 60 days from the date the Special Public Defender entered his appearance. No explanation for the substitution of counsel or the extension of time could be found in the record. In the past, this untimely filing of Rule 29.15 amended motions amounted to a procedural waiver of all grounds for relief asserted in the motion. *Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990); *State v. Burch*, 778 S.W.2d 731, 745 (Mo.App.1989).

The Supreme Court of Missouri, however, recently deviated from its strict position that failure to timely file a motion constitutes a complete bar to consideration of a movant's claim in *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). In *Luleff*, the complete inaction of counsel to act on movant's behalf deprived him a meaningful review of his claim. The *Luleff* court stated "[i]f the court determines ... that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se*

---

**1.** RSMo § 569.020 (1986).

motion, if necessary, as permitted under Rule *29.15(f)." Luleff*, 807 S.W.2d at 498 (footnote omitted).

Although the record in *Luleff* was devoid of any evidence of counsel's assistance throughout the whole proceeding, the record in this case shows lack of assistance lasting for one month, until the Special Public Defender was appointed. The motion court's allowing 60 days to file an amended motion from the date the Special Public Defender was appointed is consistent with the Court's departure from the rigid application of time limitations when there is an absence of any assistance by counsel.

■ Even though filing the amended motion within the extended time granted by the motion court may be timely, movant cannot circumvent the requirement that he verify the amended motion. Rule 29.15(f). Failure of a movant to verify an amended motion does not invoke the circuit court's jurisdiction and renders that motion a nullity. *State v. Vinson*, 800 S.W.2d 444, 447 (Mo. banc 1990). The amended motion in this case was not signed or verified in any way by movant and is, therefore, a nullity.

Because movant's amended motion was a legal nullity, the motion court should have considered only movant's *pro se* motion. *Klaus v. State*, 782 S.W.2d 455, 456 (Mo. App.1990). The amended motion presented almost all the same substantive allegations of ineffective assistance of counsel as the *pro se* motion. The amended motion merely realleged the claims in proper form and categorized similar counts under the same subheadings.

Since the amended motion and the *pro se* motion contained many of the same claims, this court can review the motion court's findings of fact and conclusions of law by analogizing the motion court's review of the amended motion to the corresponding counts of the *pro se* motion. For those counts of the *pro se* motion not realleged by the amended motion, and consequently not addressed by the motion court, we can review directly. *See Kennedy v. State*, 771 S.W.2d 852, 855 (Mo.App.1989).

■ Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). The findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day*, 770 S.W.2d at 695–96.

■ To prove ineffectiveness of counsel, movant must show that counsel failed to exercise the skill and diligence of a reasonably competent attorney and that this deficiency prejudiced movant. *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990). Counsel is presumed effective and vested with broad discretion in conducting movant's defense. *Schneider v. State*, 787 S.W.2d 718, 720–21 (Mo. banc 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 231, 112 L.Ed.2d 186 (1990). Furthermore, prejudice is not presumed from showing counsel's deficient performance, but must be affirmatively proved. *Stepter*, 794 S.W.2d at 656. This entails showing that there is a reasonable probability that, but for error of counsel, the fact finder would have had reasonable doubt respecting guilt. *Id.*

■ The motion court stated specific reasons for denying each of the twenty-nine allegations of movant's amended motion. The motion court concluded that each of the allegations were either lacking a factual basis, refuted by the record, conclusory, raised on direct appeal, not prejudicial or not entitled to relief. Consequently, defense counsel's assistance was judged not ineffective. We find that the motion court's findings of fact and conclusions of law on the twenty-nine allegations of the amended motions are not clearly erroneous. Thus, denial of the corresponding allegations of the *pro se* motion is proper.

■ There were fourteen more counts included in the *pro se* motion that were not addressed by the motion court. No error results from failure of the motion court to make findings of fact and conclusions of law on claims that are unsupported by substantive evidence or not cognizable in a

Rule 29.15 proceeding. *Kennedy,* 771 S.W.2d at 855. We reviewed each of these fourteen counts and found them either repetitive, conclusory, unsupported by facts, non-meritorious, or non-prejudicial.[2] The motion court's failure to address these counts was not erroneous because they were unsupported by substantive evidence, not cognizable under Rule 29.15, or were addressed by this court.

The judgment is affirmed.

KAROHL and GRIMM, JJ., concur.

---

**2.** The attorney briefing the case for movant admitted these allegations were superfluous, stating "Appellant wishes to raise seventeen additional points despite protest by counsel that these are repetitive and groundless." Appel-lant's Brief at 8. The three extra counts are those that were included in the amended motion, but not argued on appeal by the appellate counsel.