STATE of Missouri, Plaintiff–
Respondent,

v.

Tony Ray NORRIS, Defendant–
Appellant.

Tony Ray NORRIS, Movant–Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

Nos. 16759, 17237.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 9, 1991.

---

Brad B. Baker, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Judge.

Tony Ray Norris (defendant) was convicted, following a jury trial, of the offenses of sale of marijuana and sale of methamphetamine. § 195.020, RSMo 1986 (repealed 1989 Mo.Laws). Defendant filed a motion for post-conviction relief pursuant to Rule 29.15. After an evidentiary hearing, the motion was denied. Defendant appeals the conviction for the sale of marijuana and the order denying his Rule 29.15 motion. Those appeals were consolidated as required by Rule 29.15(*l*). This court affirms.

In reviewing defendant's conviction for the sale of marijuana, the evidence is considered in the light most favorable to the verdict rendered by the jury. *State v. Ter-netz*, 740 S.W.2d 713, 714 (Mo.App.1987). All evidence and inferences that tend to support the verdict are accepted as true. *State v. Brown*, 660 S.W.2d 694, 698–99 (Mo. banc 1983). Evidence and inferences to the contrary are disregarded. *Id.* "The question is whether the evidence, viewed in a light most favorable to the State, is sufficient to support the verdict." *Id.* at 699, citing *State v. Story*, 646 S.W.2d 68, 72 (Mo. banc 1983).

In March 1989, Ed White was a deputy sheriff of Vernon County working on an undercover assignment. In performing his duties, White came in contact with defendant. On March 2, White contacted Mike Bruhn at the Subway Bar in Vernon County. He told Bruhn that he "would take a half ounce of Marijuana" and gave Bruhn $50. Defendant was also at the bar. Bruhn went to defendant. The two of them left the premises together. White watched Bruhn and defendant through a window. Bruhn and defendant went to defendant's pickup truck that was parked behind the Subway Bar. White testified at the trial of defendant's criminal case:

Q. And tell this Jury what you observed out the window in the parking lot?

A. I saw Mr. Bruhn hand the Defendant the money that I had given him or some money.

Q. And what else did you see?

A. I saw the Defendant hand him a plastic—what appeared to be a plastic bag.

Q. And what's the next thing you noticed?

A. Mr. Bruhn came back into the Bar and gave the plastic bag with green leafy substance to me.

The green leafy substance was later submitted to a laboratory for analysis. It was marijuana. Its weight was 10.98 grams before the analysis and 10.88 grams after the analysis.

"[A]n hour or two" after receiving the marijuana, White talked to defendant at another bar at Nevada, Missouri. White testified:

Q. What did the Defendant say to you, if anything, an hour or two after you had done this business with Mr. Bruhn?

A. He told me that Mike had got the Marijuana from him.

.    .    .    .    .

Q. Again, what did he say to you?

A. He told me that the pot was Texas Redbud, and that Mike had gotten it from him.

Q. Referring to the incident hours ago?

A. Yes.

Q. What else, if anything, did he say to you?

A. We discussed meeting with a friend of mine, working for a connection for some large quantities, he told me he could supply me a pound on a continuous basis, with the cash up front the price was $1200.00, and if it was fronted to him it was $1250.00.

Defendant moved for judgment of acquittal at the close of the state's case contending there was "no evidence whatsoever that the Defendant sold Ed White Marijuana or anything else." That motion was overruled. Defendant then rested without presenting evidence and again moved, at the end of all the evidence, for a verdict of acquittal "on the same grounds [as] at the end of the State's evidence." The trial court overruled that motion.

Defendant contends that the trial court erred "in denying [defendant's] motion for judgment of acquittal at the close of all the evidence and the motion for new trial and in entering judgment of guilty on Count I, sale of marijuana...." Defendant argues that the state's evidence did not show "that [defendant] sold marijuana to Ed White, ... or that [defendant] was an affirmative participant in the sale of marijuana by Mike Bruhn to Ed White."

The information that charged defendant with the offense of sale of marijuana charged him as a principal offender, not as an accomplice. The evidence that was adduced, however, implicated defendant in a sale that was transacted between Ed White and Mike Bruhn. The jury instruction used as the verdict-directing instruction for the offense of sale of marijuana was in the form prescribed by MAI–CR 3d 304.04. That instruction directed the jury to find defendant guilty if it found that a sale of marijuana occurred and that defendant, "with the purpose of promoting or furthering the commission of that sale of marihuana, ... acted together with or aided Mike Bruhn in committing that offense."

"Even though the information charges the defendant as a principal, a trial court may properly submit to a jury active participation or aiding and abetting." *State v. Mansfield,* 793 S.W.2d 609, 612 (Mo.App. 1990), *citing State v. Crumbaker,* 753 S.W.2d 76, 78 (Mo.App.1988), and *State v. Randleman,* 705 S.W.2d 98, 101 (Mo.App. 1986). The evidence was sufficient for the jury to find that defendant aided Mike Bruhn in the sale of marijuana to Ed White and that defendant's actions in that regard were undertaken with the purpose of promoting or furthering the sale. The trial court committed no error in denying defendant's motions for acquittal.

Defendant also contends that the motion court erred in denying the relief sought by his Rule 29.15 motion. He argues that the motion court erred in finding that he received effective assistance of counsel in the criminal case. Defendant claims that his trial attorney was derelict "by failing to secure the presence of and examine as witnesses Sharon Hill Mason and Jerry Murray to rebut the testimony of Ed White that he observed the transfer of marijuana from [defendant] to Mike Bruhn."

■ The state's brief aptly calls this court's attention to the fact that the amended Rule 29.15 motion filed on behalf of defendant was not verified.[1] Neither

1. After defendant's brief was filed in this case, the Supreme Court of Missouri decided two cases in which it remanded motions for post-conviction relief in order for the respective motion courts to determine whether failure to file and failure to timely file amended motions occurred because of inattention of counsel or due to the intentional or negligent conduct of the respective movants. *See Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991); and *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991). The pro se motions in both *Luleff* and *Sanders* had been

was it signed by defendant. For those reasons, the amended motion is a legal nullity. *Foster v. State*, 809 S.W.2d 863, 865 (Mo.App.1991). The amended motion being a legal nullity, "the motion court should have considered only movant's *pro se* motion." *Id., citing Klaus v. State*, 782 S.W.2d 455, 456 (Mo.App.1990).

▇ The state suggests, however, that regardless of whether defendant's pro se motion or his purported amended motion was before the motion court, defendant is not entitled to the relief he now seeks. The state argues that the point defendant now raises on appeal differs from the issues that were presented in either the pro se motion or the amended motion. The state contends that defendant therefore waived the claim that he now attempts to raise on appeal.

In his pro se motion, defendant asserted as a grounds for relief, "inaffecive [sic] assistant [sic] of counsel." In the amended motion, defendant attempted to assert, as a grounds for relief, that his trial counsel provided ineffective assistance in the following respects:

D. Failed to fully investigate the facts of the case before proceeding to trial, including visiting the Subway Bar in Nevada, Missouri, the scene of the crime. Had counsel gone to the Subway Bar and taken photographs, he could have shown to the jury that Ed White's testimony that he saw a transaction through a picture window was false and impossible. Counsel did not investigate the scene of the crime nor offer any evidence in the defense of Tony Norris;

E. Failed to fully investigate the facts of the case, including witnesses who could have testified to the fact that Ed White was not "simulating" consum-

ing alcohol, but was in fact consuming large amounts of alcohol and was intoxicated.

Both the pro se motion and the amended motion identified Jerry Murray and Sharon Hill as witnesses who defendant would call at evidentiary hearing. Defendant did not, however, present a claim to the motion court that his trial counsel was ineffective for having failed to present and examine Jerry Murray and Sharon Hill as witnesses in the criminal trial.

"A point raised on appeal can be considered only to the extent that it was raised in the post-conviction motion before the trial court." *Mevius v. State*, 789 S.W.2d 888, 892 (Mo.App.1990). This court cannot go beyond the issues as presented to the motion court in ascertaining "whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The findings and conclusions of the motion court regarding claimed ineffective assistance of counsel were limited to the issue of whether defendant's trial counsel adequately investigated defendant's case in preparing that case for trial. That is not the issue identified in the point on appeal. The question of whether counsel was ineffective in not calling Murray and Hill as witnesses in the criminal trial will not be considered here for the first time.

This court is under no compulsion to review the findings of fact and conclusions of law that the trial court reached regarding the effectiveness of defendant's trial counsel since, as noted above, there is no "point relied on" in defendant's brief that claims those findings and conclusions are erroneous. Further, the trial court directed its findings and conclusions to the issues presented by the amended petition which, because of its lack of verification, was a legal nullity. Nevertheless, this court ob-

---

dismissed without evidentiary hearings. In *Hight v. State*, 813 S.W.2d 368 (Mo.App.1991), this court followed the principle announced in *Luleff* by remanding a case in which an unverified amended motion was filed and in which there was no evidentiary hearing.

An evidentiary hearing was held in defendant's Rule 29.15 case, case no. 17237, at which defendant produced witnesses and cross-examined the state's witness. Defendant was not

abandoned by his post-conviction counsel. This case is similar to *Pollard v. State*, 807 S.W.2d 498 (Mo. banc 1991), handed down concurrently with *Luleff* and *Sanders*. Borrowing from applicable language in *Pollard,* to remand this case "would go far beyond the narrow compass of *Sanders* and *Luleff,* and as stated in *Sanders,* 'would defeat the clear provision of subsection [Rule 29.15](k).'" 807 S.W.2d at 502.

serves that the following findings and conclusions were reached by the trial court regarding the effectiveness of defendant's trial counsel:

D. [Defendant] next asserts that his trial attorney failed to fully investigate the facts of the case before proceeding to trial, including visiting the Subway Bar in Nevada, Missouri, the scene of the crime. [Defendant] asserts that if his trial attorney had gone to the Subway Bar and taken photographs, he could have shown the jury that Ed White's testimony regarding what he saw through the window, as it related to the case, was false and impossible. Court concludes that the testimony from the witnesses presented by the [defendant] at the evidentiary hearing do not support this point. [Defendant's] own witness, Jerry Murray, testified at the evidentiary hearing that it may have been possible for Ed White to see through the window that [defendant] says was impossible. [Defendant] has not proven, on this point, by a preponderance of the evidence that his trial attorney was ineffective or that that ineffectiveness prejudiced him in any way.

E. [Defendant] next asserts that his trial attorney failed to fully investigate the facts of the case, including witnesses who could have testified to the fact that Ed White was not "simulating" consuming alcohol, but that Ed White was in fact consuming large amounts of alcohol and was intoxicated. Court concludes that this is a collateral issue as it relates to the two sales for which [defendant] was convicted. [Defendant] testified himself and had his two witnesses testify that in their opinion Ed White was intoxicated at various times at the Subway Bar in Nevada. Court concludes that [defendant's] evidence at the evidentiary hearing does not prove by a preponderance of the evidence that [defendant's] trial attorney was ineffective or that if he was ineffective that ineffectiveness prejudiced [defendant] in any way.

Upon gratis review, this court determines that the foregoing findings and conclusions of the motion court are not clearly errone-

ous. Defendant's claim of error by the motion court is denied.

The judgment of conviction as to Count I in case number 16759 is affirmed. The order denying defendant's Rule 29.15 motion in case number 17237 is affirmed.

PREWITT, P.J., and CROW, J., concur.