**Keith WILEY, Movant/Appellant,**

v.

**STATE of Missouri,**
**Defendant/Respondent.**

No. 59823.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1992.

John Klosterman, Public Defender, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

CRANE, Judge.

Movant Keith Wiley appeals from the order of the circuit court of the City of St. Louis denying his Rule 29.15 motion for

post-conviction relief. Movant was sentenced prior to January 1, 1988 but did not file his *pro se* motion until after June 30, 1988, thus failing to meet the deadline mandated by Rule 29.15(m). We reverse the judgment of the motion court and remand with directions to dismiss the motion as untimely filed.

Movant was convicted by a jury of two counts of sodomy, one count of rape, one count of kidnapping, and one count of burglary in the first degree. He was sentenced on June 19, 1987 as a prior and persistent offender and as a class X offender to consecutive terms of thirty years on each count of sodomy, thirty years for rape, fifteen years for burglary, and fifteen years for kidnapping. This court affirmed his conviction on direct appeal, but vacated movant's sentence and remanded the case for resentencing to correct a defect with respect to his class X offender status. *State v. Wiley*, 766 S.W.2d 700, 705–706 (Mo.App.1989).

Movant filed a *pro se* motion for relief under Rule 29.15 on July 7, 1988 which alleged five claims of ineffective assistance of counsel. An evidentiary hearing was held on August 11, 1989. The court denied the motion on February 6, 1991. Movant appeals from this order. He contends that the court erred in denying his motion because his appointed counsel failed to file an amended motion. It is unnecessary to resolve this issue because movant's original *pro se* motion was not timely filed.

 Rule 29.15(m) provides:

If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15.

Movant was sentenced prior to January 1, 1988. Although he was subsequently resentenced on May 12, 1989, movant has not challenged any issue with respect to the resentencing by filing a 29.15 motion after his resentencing. Movant's *pro se* motion was not filed until after June 30, 1988.

The time limitations contained in Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. State*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). By failing to meet the scheduled deadline, movant waived his right to proceed under Rule 29.15. *Id.* at 696; *Staggs v. State*, 785 S.W.2d 567, 568 (Mo.App.1990). It is of no consequence that neither the state nor the motion court requested or granted dismissal in the motion court on the grounds of untimeliness. *See, Suman v. State*, 783 S.W.2d 525 (Mo.App.1990).

The judgment is reversed and the cause remanded with directions to dismiss movant's motion as untimely.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.