STATE of Missouri, Respondent,

v.

Charles WHITE, Jr., Appellant.

Charles WHITE, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 72605.

Supreme Court of Missouri,
En Banc.

Nov. 20, 1990.

Paul E. Madison, Public Defender's Office, Clayton, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Charles White was convicted by a jury of assault in the first degree and armed criminal action. After finding White to be a prior and dangerous offender, the trial court, Stussie, J., sentenced White to two terms of twenty-five years' imprisonment to be served consecutively. Judgment was entered accordingly. White then filed a motion to vacate the judgment pursuant to Rule 29.15. After evidentiary hearing, the motion court, Provaznik, J., denied relief and entered judgment accordingly. On consolidated appeal, the Court of Appeals, Eastern District, affirmed the judgments and transferred the appeal to this Court pursuant to Rule 83.02. Affirmed.

## I.

This review must commence with a construction and direction to bench and bar with respect to Rule 29.15(b), (f), and (*l*). Rule 29.15(b) states:

A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04.

Rule 29.15(f) states:

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion

for one additional period not to exceed thirty days.

White timely moved, *pro se,* for relief under Rule 29.15, March 7, 1988. The trial court appointed counsel for White March 21, 1988. On April 11, 1988, White's attorney requested an extension of time in which to file his amended motion because the transcript of White's trial would not be available for review until July 25, 1988. The court granted the extension of time until August 12, 1988. On August 11, 1988, White's attorney requested and was granted an additional thirty-day extension. The amended motion was filed September 12, 1988; White's trial transcript was not filed with the court of appeals until May 30, 1989.

Under Rule 29.15(*l*), "[i]f a motion is filed under this Rule 29.15 and an appeal is pending from the judgment of conviction that is the subject of the motion, the appeal shall be suspended until final determination of the issues raised by the motion." White's delayed filing of his trial transcript comports with the suspension required by Rule 29.15(*l*). Rule 29.15(b), however, requires the Rule 29.15 motion be filed within thirty days after the filing of the trial transcript with the court of appeals, and Rule 29.15(f) implicitly builds on that filing scheme by erecting a preclusive sixty-day period (counsel has thirty days to file the amended motion and may seek only one thirty-day extension) in which counsel must file an amended motion. A plain reading of Rule 29.15(b), (f) and (*l*) penalizes movants under Rule 29.15 who file their motion before the trial transcript has been prepared and who have counsel enter an appearance or have counsel appointed more than sixty days before the trial transcript is available: these movants must amend their Rule 29.-15 motions without having access to the trial transcript.

Under such a plain reading, White's amended Rule 29.15 motion was filed out of time because it was filed after the sixty-day period mandated by Rule 29.15(f). The court of appeals adopted such a reading. Equally plausible, however, is a reading of Rule 29.15 that does not penalize prompt

*pro se* movants and sustains a design to provide at least thirty days (and possibly sixty days) after the time that both the trial transcript is filed and counsel is available to the movant before the movant's amended motion is due; hence, White's amended Rule 29.15 motion, filed less than sixty days after the date the trial transcript became available, would be timely filed. Because of the ambiguity created by a concurrent reading of Rule 29.15(b), (f) and (*l*), and its application in this case, this Court resolves the resulting dilemma in favor of full review of all points presented by the *pro se* and amended motions. *See Schneider v. State,* 787 S.W.2d 718, 720 (Mo. banc 1990), and *Clemmons v. State,* 785 S.W.2d 524, 527 (Mo. banc 1990).

Until Rule 29.15 may be appropriately amended, the beginning of the suspension of the appeal referred to in the first sentence of Rule 29.15(*l*) shall be construed and applied as meaning the date the trial transcript is filed with the appellate court pursuant to Rules 30.04, 81.18 and 81.19. Such a reading of Rule 29.15(*l*) insures that court reporters' duty to prepare trial transcripts promptly and appellants' duty to file their trial transcripts in the direct appeal will not also be suspended. The time limits enunciated in Rule 29.15(f) shall be construed and applied as beginning at the earlier of the following two dates: the date both appointed counsel and a trial transcript that has been filed in the appellate court pursuant to Rules 30.04, 81.18 and 81.19 exist, or the date both the entry of appearance by counsel not appointed and a trial transcript that has been filed in the appellate court pursuant to Rules 30.04, 81.18 and 81.19 exist.

## II.

White challenges the trial court's denial of his motion for judgment of acquittal at the close of all the evidence, alleging insufficient evidence to show he committed assault in the first degree. White also challenges the trial court's denial of his motion for acquittal at the close of the State's case, but because White presented evidence in his own behalf after the State

rested, he waived the latter claim. *State v. Dusso*, 760 S.W.2d 546, 547 (Mo.App.1988).

The evidence shows that the victim walked out of a computer room at the University of Missouri St. Louis and saw White walking in the hallway several feet from her. The victim walked down the hallway and through the doors to a stairwell. After descending two flights of stairs, the victim was grabbed from behind, thrown to the floor, and threatened with a knife. The victim offered White her purse, and he responded, "Shut up or I will stab you." The victim saw White look up the stairwell as if he had heard something; White cut the victim's face with the knife and then ran up the stairs.

On a challenge to the sufficiency of the evidence, the evidence together with all reasonable inferences is viewed favorably to the verdict and evidence or inferences contrary to the verdict are ignored. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc 1987). White argues the evidence fails to show he attempted to kill or cause physical injury to the victim. The evidence supports, however, a finding that White at least "attempted" to cause serious physical injury, and that the victim suffered no serious physical injury is relevant only in deciding punishment. *State v. Williams*, 728 S.W.2d 690, 692 (Mo.App.1987).

### III.

Appellate review of a denial of post-conviction relief is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j). The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989). The evidence in this case, together with the comprehensive findings of fact and conclusions of law, do not leave this Court with any such impression of mistake or error.

The performance of trial counsel is governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel is presumed competent, *id.* at 668, 104 S.Ct. at 2052, and is vested with broad discretion in conducting a defense. *Schneider*, 787 S.W.2d at 721. First, White must show counsel's performance was deficient in that it falls below an objective standard of reasonableness. *Id.*, 466 U.S. at 687–88, 104 S.Ct. at 2064. Second, White "must show that the deficient performance prejudiced the defense," *id.*, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.*

White contends counsel was ineffective because he failed to file a motion to suppress identification evidence, because he failed to object at trial to the introduction and admission of the identification evidence, and because he failed to assert in his motion for new trial that the admission of the identification evidence was error.

White's retained trial counsel testified at the post-conviction evidentiary hearing that he considered filing a motion to suppress evidence of White's photo lineup, but he decided, after reviewing the law, the motion would serve no purpose. Counsel did move to suppress other evidence. Counsel testified that he did not object during trial to the introduction of the identification evidence because he "did not feel there [were] sufficient grounds to ... successfully raise objections." He chose to argue to the jury the unfairness of the photo lineup, to focus on the discrepancies between White's physical features and the features in the composite made from the victim's description of the man who attacked her, and to use the evidence to argue to the jury that weaknesses existed in the State's case against White, all in an effort to strengthen White's alibi defense. Because counsel found no sufficient grounds to object during trial, no basis existed for including in his motion for new trial the uncontested admission of the identification evidence.

A claim of ineffective assistance of counsel prevails only where appellant shows both that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Ineffective assistance of counsel will not lie where the conduct involves the attorney's use of reasonable discretion in a matter of trial strategy, and it is the exceptional case where a court will hold a strategic choice unsound. *Stubenrouch v. State*, 752 S.W.2d 327, 328 (Mo.App.1988).

Counsel chose to argue the weaknesses in the State's case and to focus on White's alibi defense rather than to object to the identification evidence, based on Missouri case law. White's insistence that "the entire case against [White] rested on his identification by the victim" fails because of the presence of his unavailing alibi defense. Counsel's considered decision not to move to suppress the identification evidence, not to object at trial to the introduction and admission of the identification evidence and not to assert in his motion for new trial that the admission of the identification evidence was error falls within the reasonable discretion accorded counsel in matters of trial strategy. *See Stubenrouch*, 752 S.W.2d at 328.

White can succeed on this point only if he can demonstrate the motion court clearly erred in finding that counsel could not argue the photo lineup was impermissibly suggestive. That the victim saw White's face for "three seconds or so" and that White was the only person in the lineup with facial hair and sunglasses, examined under the "totality of the circumstances" standard, *see Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1967); *State v. Higgins*, 592 S.W.2d 151, 159 (Mo. banc 1979), *appeal dismissed* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980), does not render counsel's performance inept or prejudicial. The victim testified at trial that the police did not indicate which photo she should choose and that it only took her "a couple of seconds" to identify her assailant from the lineup. The opportunity of the victim to view White at the time of the assault, the accuracy of her prior descriptions of White, and the level of certainty demonstrated by the victim persuaded counsel that this identification procedure was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id.*

Under the maxim that every effort must be made to eliminate the distorting effects of hindsight, the questioned conduct being evaluated from trial counsel's perspective at the time, *Schneider*, 787 S.W.2d at 721; *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (1984), the motion court did not clearly err in holding that White fails to demonstrate counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have performed in this case or how counsel's failure to file motions or voice objections regarding the identification evidence changed the outcome of the case.

White asserts counsel was ineffective for failing to depose the victim, for failing to confront the victim at trial with a prior inconsistent statement, and for failing to present rebuttal witnesses. Counsel testified at the post-conviction hearing that he and White discussed deposing the victim but that White never asked him to depose her. The victim did testify prior to trial at the preliminary hearing, positively identifying White at the hearing, as well as two days after the assault and at trial, as the man who attacked her. The alleged inconsistent statement arose from the victim's testimony at the preliminary hearing, where White insists the victim stated she did not recognize the person who attacked her. At trial, the victim said that White attacked her and that she had seen him before. White contends two people present at the preliminary hearing could testify to the inconsistent statements. Regarding counsel's failure to call rebuttal witnesses, White produced no witnesses at the post-conviction evidentiary hearing who could have provided such testimony, and counsel testified at the hearing that he had con-

sidered calling White's wife but decided not to call her because of her knowledge of White's prior conviction. Because no record of the preliminary hearing is before this Court, because counsel's decision not to call rebuttal witnesses was a reasonable exercise of trial strategy, *see Sanders*, 738 S.W.2d at 858, and because White did not call any witnesses at the post-conviction evidentiary hearing who could have testified regarding the alleged inconsistency, White is unable to meet his burden of showing an inconsistency, let alone that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney or how impeachment on this point would have changed the outcome of the case. Accordingly, the motion court did not clearly err in denying White's Rule 29.15 motion on these grounds.

The judgments are affirmed.

All concur.