STATE of Missouri, Respondent,

v.

Tony Christopher CHILDRESS, Appellant.

Tony CHILDRESS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46764.

Missouri Court of Appeals, Western District.

Dec. 27, 1994.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and
LOWENSTEIN and HANNA, JJ.

ULRICH, Presiding Judge.

Tony Christopher Childress appeals from both his conviction for Trafficking in the First Degree, § 195.222, RSMo Supp.1993, and the motion court's dismissal of his *pro se* motion for post-conviction relief pursuant to Rule 29.15. The appeals are consolidated pursuant to Rule 29.15(*l*).

For reasons expressed, only Mr. Childress' postconviction motion appeal is addressed. Mr. Childress claims that the motion court erred in dismissing his *pro se* Motion to Vacate, Set Aside or Correct Judgment or Sentence prior to the date of the filing of the transcript on appeal and that he was deprived of an opportunity to have appointed counsel file an amended motion on his behalf.

Mr. Childress filed a Notice of Appeal from his conviction and sentence on August 28, 1992. Mr. Childress appealed the order denying his postconviction relief motion (Rule 29.15) on December 29, 1993. On November 10, 1992, Mr. Childress filed a *pro se* motion for postconviction relief. On November 13, 1992, the motion court appointed Mr. James R. Brown, who had represented Mr. Childress at trial, as postconviction counsel. Mr. Brown withdrew; and on March 9, 1992, the motion court appointed the Office of the Public Defender to represent Mr. Childress. The Office of the Public Defender was reappointed on May 17, 1993, because the initial notice of appointment was never received.

The motion court extended the time for filing the amended motion for an additional thirty day period on June 15, 1993. On June 17, 1993, however, the motion court dismissed Mr. Childress' *pro se* motion for postconviction relief, finding that the time for filing an amended motion had expired and that all of Mr. Childress' *pro se* grounds for relief were without merit. Mr. Childress appealed the order denying his postconviction relief motion (Rule 29.15) on December 29, 1993. On January 20, 1994, the trial transcript was filed in the Missouri Court of Appeals.

Rule 29.15(b) provides that the *pro se* Rule 29.15 motion must be filed within thirty days after the filing of the transcript on appeal if an appeal of the judgment sought to be vacated, set aside, or corrected is taken. Rule 29.15(f) requires that an amended motion shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. Furthermore, the motion court may extend the time for filing the amended motion for one additional period not to exceed thirty days. Rule 29.15(f). Rule 29.15(*l*) provides that "[i]f a motion is filed under this Rule 29.15 and an appeal is pending from the judgment of conviction that is the subject of the motion, the appeal shall be suspended until final determination of the issues raised by the motion."

In *State v. White*, 798 S.W.2d 694, 696 (Mo. banc 1990), the Missouri Supreme Court recognizes that a plain reading of Rule 29.15(b), (f), and (*l*) penalizes movants who file their motion before the trial transcript has been prepared because these movants must amend their Rule 29.15 motion without having access to the trial transcript. Consequently, the court "tolls" the triggering of the time limitations of Rule 29.15 in instances in which the transcript on appeal has not yet been filed. Pursuant to Rule 29.15(f), the time limits shall be construed and applied as beginning at the earlier of two dates: (1) the date both counsel has been appointed and a trial transcript has been filed in the appellate court pursuant to Rules 30.04, 81.18 and 81.19; or (2) the date both the appearance by counsel not appointed has been entered and a trial transcript has been filed in the appellate court pursuant to Rules 30.04, 81.18 and 81.19. *Id.* at 696.

 The date that both the trial transcript was filed and counsel was available to Mr. Childress was January 20, 1994. Mr. Childress, therefore, had thirty days after January 20 to file an amended motion. The

trial court, however, dismissed Mr. Childress' motion on June 17, 1993, just two days after it had reappointed the State Public Defender's Office as postconviction counsel and granted time to file an amended motion on or before July 16, 1993. The trial court reappointed counsel because the State Public Defender's Office may have unintentionally abandoned Mr. Childress through mistake or inadvertence having never received notice of its appointment. Through no fault of his own, therefore, Mr. Childress had no opportunity to have counsel review the trial transcript and to amend his motion for postconviction relief.

Review of a Rule 29.15 postconviction motion for relief is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 605 (Mo. banc) *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Appellant, Respondent and this court agree that the motion court's dismissal of Mr. Childress' *pro se* motion on June 17, 1993, was erroneous. This court reverses the judgment of the motion court dismissing the Rule 29.15 motion and remands this cause for further proceedings, granting Mr. Childress thirty days from the date of this court's mandate in which to file an amended Rule 29.15 in the motion court for adjudication. The motion court, within its discretion, may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Rule 29.15(*l*) provides, "[i]f a motion is filed under this Rule 29.15 and an appeal is pending from the judgment of conviction that is the subject of the motion, the appeal shall be suspended until final determination of the issues raised by the motion." Therefore, the other issues Mr. Childress raises upon direct appeal shall be suspended until the motion court rules on his amended Rule 29.15 motion. Upon final decision of the Rule 29.15 motion, the lower court is to inform this court.

All concur.