**STATE of Missouri, Respondent,**

v.

**Dack Patrick DAUGHERTY, Appellant.**

**Dack P. DAUGHERTY, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 63556, 67040.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 1, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 8, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Charles Clifford Schwartz, Jr., Michael A. Gross, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

WHITE, Judge.

Defendant appeals the judgment entered after his conviction by jury of first degree assault. Defendant also appeals the denial,

without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We affirm.

Defendant does not challenge the sufficiency of the evidence. In the early morning of February 29, 1992, the victim went to a restaurant with two persons he met the previous evening. Defendant and his friend arrived at the restaurant a short time later and were seated near the victim's table. There apparently were some verbal exchanges between the victim and defendant. As defendant was leaving the restaurant, he reached through a partition and with the back of his hand struck the victim who was still seated at his table. Defendant and his friend then left the restaurant. A short time later, the victim left the restaurant and walked to the parking lot. According to the victim, defendant approached him and said "I can't believe you're stupid enough to come out here." Defendant then hit the victim breaking several of his teeth. The victim testified he did not remember anything from the time immediately thereafter when he attempted to "thwart" off the defendant until being put in an ambulance. A waitress from the restaurant testified she saw defendant standing over the victim and repeatedly punching him in the face as he laid on the ground. Defendant and his friend left the restaurant's parking lot. The police arrived a short time later and took statements from the waitress and the two persons who were with the victim at the restaurant. The police picked up defendant and his friend and brought them back to the restaurant. The waitress identified defendant. The victim who was now in an ambulance indicated non-verbally defendant was the person who assaulted him. The victim suffered serious and permanent injuries as a result of the assault.

A jury convicted defendant of first degree assault. The trial court sentenced defendant as a prior offender to twenty years imprisonment. Defendant filed a Rule 29.15 motion for post-conviction relief which the court de-

nied without an evidentiary hearing. This consolidated appeal followed.[1]

Defendant's first three points address the motion court's rulings regarding his Rule 29.15 motion. Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). A motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression a mistake has been made. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993).

On October 15, 1993, defendant filed his *pro se* Rule 29.15 motion. On October 19, 1993, the motion court dismissed without prejudice this motion as premature because the transcript on appeal had not been filed. On October 28, 1993, defendant's counsel filed a motion to withdraw. The motion provided "[c]omes now Donald L. Wolff, and respectfully moves to withdraw as counsel in PCR No. 3036–9. Movant has retained Clifford Schwarz to represent him in said proceedings." [2] The court sustained this motion. On November 8, 1993, Clifford Schwarz, defendant's present counsel, filed a document titled "Entry of Appearance" with this court and the circuit court. The appeal number provided by this court and "PCR No. 3036–9" are listed on the document.

The transcript was filed on July 12, 1994. Defendant filed a *pro se* motion on August 4, 1994. Mr. Schwarz notarized this motion. Mr. Schwarz filed a document titled "Entry Of Appearance And Request For Hearing" on August 16, 1994. On August 23, 1994, the court denied defendant's *pro se* motion. The court addressed all claims in the motion and found it failed to state proper claims for relief under Rule 29.15. The court also found defendant's request for an evidentiary hearing was not timely. Defendant filed a

---

1. Defendant's motion for leave to amend the points relied on in his brief is denied.

2. Mr. Wolff did not represent defendant at trial.

motion on September 13, 1994 to set aside the court's August 23, 1994 order. Defendant filed an amended Rule 29.15 motion on September 14, 1994. All allegations in defendant's August 4, 1994 *pro se* motion were realleged in the amended motion. The court denied the amended motion without an evidentiary hearing. The court addressed all claims in this motion and found it failed to state proper claims for relief under Rule 29.15. The court also found defendant's request for an evidentiary hearing, which it found untimely in its August 23, 1994 order, was timely under Rule 29.15(g). The court further found the amended motion was untimely.

Defendant argues in his first point he timely filed his request for an evidentiary hearing. In his second point, defendant argues his amended motion was timely filed. We first address defendant's second point regarding the timeliness of his amended motion.

Rule 29.15(b) requires a motion under this rule be filed within thirty days after the filing of the trial transcript on appeal. *State v. Shaw*, 839 S.W.2d 30, 37 (Mo.App.E.D. 1992). On July 12, 1994 the transcript was filed. Defendant timely filed his *pro se* motion on August 4, 1994.[3]

Rule 29.15(f) provides:

> Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

In *State v. White*, 798 S.W.2d 694 (Mo. banc 1990), the Missouri Supreme Court considered an inconsistency in the timing requirements of Rule 29.15. The court recognized a literal reading of Rule 29.15(b), (f) and (*l*) penalized movants who filed their motions prior to the preparation of the trial tran-script and who have counsel appointed or have counsel enter an appearance because these movants must amend their motions without access to the trial transcript. *White*, 798 S.W.2d at 698. The court resolved the inconsistency by holding the time limits in Rule 29.15(f) begin at the earliest date motion counsel has made an appearance or has been appointed and a trial transcript has been filed in the appellate court. *Id.*; *Shaw*, 839 S.W.2d at 37.

In the present case, the motion court found counsel entered an appearance on November 8, 1993 and the transcript was filed on July 12, 1994. The court found under the holdings in *White* and *Shaw* defendant's amended motion filed on September 14, 1994 was not timely. Defendant argues on appeal counsel did not enter an appearance on November 8, 1993 for purposes of representation in the post-conviction proceedings. Defendant contends counsel entered his appearance on November 8, 1993 solely to determine the feasibility of appealing the court's October 19, 1993 order dismissing his initial *pro se* motion.

■ As noted by the motion court, defendant's counsel filed a document titled "Entry of Appearance" in both this court and circuit court. This document bears not only the appeal number given by this court but also the post-conviction cause number and circuit court cause number of the original trial file. Defendant's prior counsel stated specifically in his motion to withdraw from the post-conviction proceedings defendant had retained his present counsel to represent him in the post-conviction proceedings. The motion court found these documents indicated counsel's intent to represent defendant in the circuit court for post-conviction proceedings. The court further stated if this were not counsel's intent there would have been no reason for counsel to enter an appearance in circuit court and no reason for defendant's prior counsel to seek to withdraw. This find-

---

**3.** Defendant does not argue the motion court erred by dismissing his initial *pro se* motion filed prior to the filing of the transcript. "Nothing in Rule 29.15 compels a movant to wait until the transcript on appeal is filed to seek relief." *Reuscher v. State*, 887 S.W.2d 588, 590 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1982, 131 L.Ed.2d 869 (1995).

ing of the motion court is not clearly erroneous. Defendant's contention counsel entered an appearance solely to determine the feasibility of appealing the court's October 19, 1993 order is without merit.

Defendant also contends when the court's October 19, 1993 order, dismissing defendant's motion as premature, "became final" thirty days later this would constitute a closed case and a dismissed lawsuit. Defendant claims, in effect, counsel's November 8, 1993 entry of appearance was void when the court's October 19, 1993 order "became final." Defendant asserts the filing of his August 4, 1994 *pro se* motion was a new civil case.

Defendant cites no authority for this contention. However, defendant apparently is referring to the general rule in civil actions where a plaintiff voluntarily dismisses an action without prejudice prior to the introduction of evidence it is as if the suit were never brought and "no steps can be taken by the trial court." *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo.App.E.D.1992). This general rule has been applied in civil cases where a plaintiff voluntarily dismisses an action and the trial court subsequently enters an order such as sustaining a defendant's motion to dismiss with prejudice or reinstating the case on the trial docket. *Garrison v. Jones*, 557 S.W.2d 247, 249–50 (Mo. banc 1977); *Emigh Engineering Co. v. Rickhoff*, 605 S.W.2d 173, 174 (Mo.App.E.D.1980).

The general rule stated above is not applicable where a motion court dismisses without prejudice a movant's motion because it is premature and counsel enters an appearance. The motion court does not have to approve counsel's entry of appearance and, therefore, no steps are taken by the court. The situation presented here is not one where the court rules on motions or enters orders after

a plaintiff in a civil action voluntarily dismisses the suit. After the motion court dismissed defendant's motion as premature, it retained jurisdiction and under Rule 29.15(b) was required to consider the motion if filed within thirty days after the filing of the transcript. If we were to adopt defendant's argument then an entry of appearance by counsel prior to a dismissal without prejudice of a defendant's Rule 29.15 motion would not be effective. There is nothing in Rule 29.15 requiring counsel to enter a second appearance after a motion has been dismissed without prejudice. Rule 29.15 also does not prevent counsel from entering an appearance prior to the filing of a Rule 29.15 motion. The November 8, 1993 entry of appearance by counsel was effective. Defendant filed his amended motion more than sixty days after the filing of the transcript and counsel's entry of appearance. Defendant's amended motion was untimely and his second point is denied.[4]

We next determine whether remand is necessary to determine if the untimeliness of defendant's amended motion resulted exclusively from counsel's action or inaction. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991). Because the motion court rendered findings on all claims in defendant's amended motion, defendant suffered no prejudice and remand is not required. *Burgin v. State*, 847 S.W.2d 836, 838 (Mo.App.W.D. 1992); *Fandrich v. State*, 827 S.W.2d 270, 272 (Mo.App.E.D.1992).

In his third point, defendant argues the court erred in denying his motion without an evidentiary hearing. Defendant contends the following claims require an evidentiary hearing: (1) the failure of the attorney defendant contracted with to actually represent him at trial and permitting less experienced attorneys from the same firm to try the case; (2) the alleged ineffective assistance of the

---

4. As found by the motion court and argued by defendant in his first point, his request for an evidentiary hearing was timely. Rule 29.15(g) provides "[a] request for a hearing shall be made by motion on or before the date an amended motion is required to be filed." Under Rule 29.15(f), defendant had sixty days after the filing

of the transcript and entry of appearance by counsel, assuming an additional thirty day period. *White*, 798 S.W.2d at 698. The date when both counsel entered an appearance and the transcript was filed was July 12, 1994 and the request for an evidentiary hearing filed on August 16, 1994 was within the sixty day period.

less experienced attorneys; (3) the failure to obtain defendant's mugshot; and (4) the failure to call Rick Benz as a witness.

■ To establish ineffective assistance of counsel, defendant must demonstrate his trial counsel's performance was deficient and this deficient performance prejudiced the defense. *Ervin*, 835 S.W.2d at 929. To demonstrate prejudice, defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). If the motion court determines the motion, files and records of a case conclusively show a movant is not entitled to relief, a hearing will not be held. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993). To obtain an evidentiary hearing a movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the alleged facts must raise matters not refuted by the records and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Id.*

■ In his first claim, defendant contends he was "deprived of a constitutionally fair trial" because the attorney with whom he contracted did not represent him at trial. Defendant asserts the attorney with whom he contracted had more experience and would have performed in a more competent manner than the other attorneys from the firm who actually represented him at trial.

The motion court found the allegation speculative and it failed to state what actions defendant's actual trial attorneys should have done or failed to do. We agree. Defendant's allegation discusses the circumstances regarding the hiring of his attorney and his opinion as to who would serve as his trial attorney. The allegation fails to state how defendant was prejudiced by the fact he was not represented at trial by the attorney with whom he contracted. The motion court's finding is not clearly erroneous.

■ Defendant contends his second claim warranted an evidentiary hearing because his attorneys rendered ineffective assistance by failing to determine prior to trial a defense witness had a criminal record and failing to request a mistrial during the State's closing argument. In his amended motion, defendant alleges his attorneys "[f]ailed to check the prior conviction history of Daugherty's [defendant's] witnesses." This allegation fails to state the names of the witness or witnesses for which the attorneys failed to check conviction histories. The motion court found this allegation insufficient because there was no claim regarding how the alleged failure to check conviction histories would have affected the verdict or specifically how defendant was prejudiced. This finding by the motion court is not clearly erroneous. The allegation regarding counsel's failure to request a mistrial during the State's closing argument is not contained in either defendant's *pro se* or amended motion. Claims under Rule 29.15 which are not presented to the motion court cannot be raised for the first time on appeal. *State v. Preston*, 861 S.W.2d 627, 633 (Mo.App.E.D.1993).

■ The third claim defendant argues warranted an evidentiary hearing was his allegation counsel rendered ineffective assistance by failing to pursue evidence. Defendant contends on appeal counsel should have obtained the mugshot taken after his arrest to show he had two black eyes. Defendant asserts this would have demonstrated to the jury there was a "two-way fight in this matter, and not a one-way assault." In his *pro se* and amended motions, defendant alleged counsel failed to demonstrate his injuries to the jury. The motion court found this allegation conclusory and lacking specificity "for not alleging what injuries and by what source or method they should have been demonstrated, and how such would have possibly affected the verdict." As noted by the motion court, this issue arose during the sentencing hearing. The prosecutor stated the police informed him a mugshot had not been taken. A chiropractor examined defendant two days after the incident and he testified defendant had contusions and abrasions around his face and head. The motion court

found any photographic evidence demonstrating defendant had injuries after the fight would have been cumulative. The motion court's finding on this claim is not clearly erroneous.

■ Defendant's fourth claim is counsel rendered ineffective assistance by failing to call Rick Benz as a witness. Defendant asserted in his amended motion this witness would "rebut testimony of a critical witness against Daugherty who lied about the viciousness of the crime because she was biased against Daugherty for terminating her insurance." Although not stated in defendant's motion, the "critical witness" apparently is the waitress who testified she saw defendant repeatedly punching the victim.

The motion court found the allegation insufficient because it failed to state defendant gave the name of the witness to counsel, the content of the witness's testimony or the witness's availability to testify. The court also found the testimony appeared to be impeachment evidence which is normally insufficient to support a claim of ineffective assistance of counsel. The court's finding is not clearly erroneous.

■ To be entitled to an evidentiary hearing for an allegation of failure to call witnesses, a movant must allege the witnesses could have been located through reasonable investigation, the witnesses would have testified if located and their testimony would have provided a viable defense. *State v. Roe*, 845 S.W.2d 601, 605 (Mo.App.E.D. 1992). Although not asserted in the motion, defendant's counsel stated during the sentencing hearing defendant had given him the name of Rick Benz as a witness. Regardless, defendant failed to allege in his motion the witness was available to testify.

■ Defendant argues on appeal the content of Rick Benz' testimony "is clearly covered in the motion." From the motion, we assume the testimony would have been defendant, who worked as an insurance broker, canceled the waitress's insurance. This

would have constituted impeachment evidence. The failure to call impeachment witnesses does not warrant post-conviction relief because, even if true, the facts do not establish a defense. *State v. Day*, 859 S.W.2d 194, 196 (Mo.App.E.D.1993); *Roe*, 845 S.W.2d at 605. Defendant's fourth claim does not warrant an evidentiary hearing and his third point is denied. The court's denial, without an evidentiary hearing, of defendant's Rule 29.15 motion is affirmed.

Defendant's remaining points address issues regarding the appeal of the judgment entered on his conviction. No jurisprudential purpose would be served by a written opinion on these issues. The judgment entered on his conviction is affirmed in accordance with Rule 30.25(b).

The judgments are affirmed.

SMITH, P.J., and PUDLOWSKI, J., concur.