**STATE of Missouri, Respondent,**

v.

**Leroy L. BLACKWELL, Appellant.**

No. 73324.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 6, 1998.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The State charged defendant, Leroy L. Blackwell, with first degree burglary, section 569.160 RSMo 1994,[1] armed criminal action, section 571.015, unlawful use of a weapon, section 571.030.1(1), resisting arrest, section 575.150, and possession of a controlled substance, section 195.202. A jury found him guilty on all counts. The court sentenced defendant in accordance with the verdicts. Defendant argues that trial court error supports reversal on the armed criminal action charge because there was insufficient evidence to support a conviction. He also argues the trial court: (1) abused its discretion by excluding or limiting defendant's right to cross-examine; and, (2) as a matter of plain error, abused its discretion in permitting the State's reference to defendant's failure to testify and allowing minimization of the jury's responsibility in the imposition of sentence during closing arguments. We affirm.

There was evidence to support finding the following facts. On September 24, 1996, defendant and two companions entered a house, belonging to Robert Elliott, in search of marijuana. A neighbor saw them enter the back porch of the home. He called police. Detective Raus responded to a dispatch of burglary in progress. He approached the house, weapon drawn. He saw defendant and two other individuals standing in the kitchen. He saw defendant holding a small caliber rifle in his right hand. Defendant ran; Raus pursued. Detective Raus tackled defendant. He found a pint jar of marijuana in defendant's coat pocket. Elliott testified that a .22 Remington semiautomatic rifle was missing

from his home, but denied owning the marijuana.

■ In his first point on appeal, defendant challenges the sufficiency of the evidence only on the charge of armed criminal action. He submits that the gun he possessed was not used to aid or assist commission of the burglary. The trial court found there was evidence to support a finding that defendant committed burglary by, with or through the use, assistance or aid of a dangerous instrument or deadly weapon, thereby completing the crime of armed criminal action. Section 571.015(1). We review the evidence together with all reasonable inferences favorable to the verdict and we will ignore evidence or inferences contrary to the verdict. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993); *State v. White,* 798 S.W.2d 694, 697 (Mo. banc 1990).

The evidence was more than sufficient to support a conviction of armed criminal action, based on the appropriate standard. Detective Raus testified he saw defendant in the house and defendant was holding a small caliber rifle in his right hand. He identified himself and ordered defendant to stop and drop the gun. During a pursuit that followed he again ordered defendant to stop and drop the gun. Defendant faced and pointed the gun at Detective Raus. He ordered defendant to drop the gun. Defendant complied. Raus wrestled defendant to the ground. Defendant thereafter reached for the gun. Raus told defendant to stop or he would shoot. There was evidence that defendant stole the gun, later determined to be a loaded .22 semiautomatic rifle, from the Elliott residence. This evidence is sufficient in itself to support finding defendant guilty of armed criminal action.

Moreover, defendant does not appeal the sufficiency of the evidence on the burglary first charge, only the armed criminal action. The charge of burglary in the first degree required evidence to support finding defendant entered an inhabitable structure for the purpose of committing a crime therein and "in effecting entry or while in the building or

1. All statutory citations are to RSMo 1994 unless otherwise indicated.

inhabitable structure or in immediate flight therefrom, he or another participant in the crime ... [was] armed with explosives or a deadly weapon." Section 169.160. The evidence that defendant was armed while in the building supported a finding that he was guilty of burglary in the first degree and, therefore, the same evidence supports a finding he was guilty of armed criminal action. Point denied.

■ In his second point, defendant argues the court erred by excluding or limiting his cross-examination of Detective Raus and Assistant Police Chief Turner regarding drugs. He had hoped to elicit evidence to support a finding there had been no investigation of Elliott, the owner of the residence from which marijuana was allegedly taken. Specifically, defendant argues the court curtailed his effort to explore bias or prejudice of these witnesses. This point fails for two reasons.

■ First, defendant made no offer of proof in order to preserve this issue for appellate review. This court has held that when an objection is sustained on proffered evidence, the offering party must make an offer of proof to properly preserve for appellate review. *State v. Fleer*, 851 S.W.2d 582, 595 (Mo.App. E.D.1993). "An offer of proof must demonstrate the relevance of the testimony offered, *must be specific*, and must be definite." *State v. Seiter*, 949 S.W.2d 218, 224 (Mo.App. E.D.1997); *Fleer*, 851 S.W.2d at 595 (emphasis added). There was no such offer of proof. Defendant attempted to cross-examine both witnesses regarding who had the responsibility to order an investigation into the ownership of the marijuana. The court sustained two relevancy objections to this evidence. Defendant never attempted to make a specific offer of proof or explain relevancy. The trial court gave defendant every opportunity, short of testimony before the jury, to demonstrate the purported bias to the court.

■ Second, in fact, the evidence supports a finding that defendant had the benefit of the opportunity to cross-examine both witnesses. As a matter of law, defendant is entitled to an opportunity to cross-examine.

"Generally, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *State v. Baker*, 859 S.W.2d 805, 809 (Mo.App. E.D.1993).

The trial transcript contains the following cross-examination. Defendant asked Turner if there had been an investigation done on the owner of the house. Turner said no. Defendant asked if Turner directed anyone in the police department to investigate. Turner said no. He said it was the detective's responsibility to investigate the crime scene. Defendant cross-examined Turner further:

Q. You can not direct him as Assistant Chief of Police to investigate Robert Elliott?

A. He was investigating the crime. Uhm, I did not direct him to do so because he was doing that and by our city ordinance he has full responsibility of a felony crime scene. We do not have the right to direct him at a crime scene.

Q. Well, would the Chief of Police have a right to do that?

A. No, he does not.

[State]. Your Honor, I'm going to object as to the relevancy of any of this.

[Court]. Sustained as to that question.

There is evidence to support the conclusion defendant had the same opportunity to cross-examine Detective Raus. Defendant questioned Raus regarding his investigation of the owner of the residence. Raus answered. Defendant asked if there were charges filed against the owner, Elliott. Raus said no. The court sustained the State's objection only when defendant asked who had the responsibility to order the investigation. Hence, there is ample evidence to support a finding that defendant had the opportunity to effectively cross-examine both witnesses. Point denied.

■ In his last point, defendant argues the trial court committed plain error when it abused its discretion and did not respond to prosecutorial misconduct *sua sponte*, when the prosecutor referenced defendant's failure to testify and minimized the jury's responsibility in the imposition of sentence during

closing arguments. Defendant made no objection and did not raise this point in his motion for a new trial. Therefore, we may review for plain error only.

■■■ Relief on an assertion of plain error in closing argument is granted only under extraordinary circumstances. *State v. Kempker,* 824 S.W.2d 909, 911 (Mo. banc 1992). There are no such circumstances here. The defendant must show that statements made in closing argument had a "decisive effect" on the jury. *State v. Roberts,* 838 S.W.2d 126, 132 (Mo.App. E.D.1992). We will grant relief only if there is a reasonable probability that, in the absence of the statements, the verdict would have been different. *Id.* Defendant argues two separate errors in the State's closing argument.

First, he submits the State made an indirect but certain reference to defendant not testifying on his own behalf. His argument refers to the following statements made by the State, particularly the italicized sentence:

> You heard a lot of testimony today from various witnesses. Some of them were directly involved with the events that took place from both sides of the spectrum. *You heard two of the three defendants testify.* Mr. Naxera told you what he thought happened. Mr. Ostrander told you what he thought happened. You heard the officers testify, David Turner and Detective Joe Raus. You heard the chemist testify from the lab that indeed all of this is marijuana. And you heard Wes Meyers testify that he saw these individuals walkin' down the street and what he saw from that point. And, you heard Mr. Elliott testify.

(emphasis added).

■■■ In his brief, defendant recognizes that the reference was not in direct reference. It is clear that a direct reference to a defendant's failure to testify is made when words such as "defendant," "accused" and "testify" or words with similar meanings are used. *State v. Lawhorn,* 762 S.W.2d 820, 826 (Mo. banc 1988). Therefore, the issue is whether the State made an indirect and certain reference. "An indirect reference is one

reasonably apt to direct the jury's attention to defendant's failure to testify." *Id.* A contextual reading of the statements is a reference to the complete list of those who testified at trial, including witnesses for the State and for the defendant. A reference to those who testified or to testimony of witnesses is perfectly legitimate. Such a list of those who testified merely reminds the jury what they have seen or heard and that they have a duty to consider all of the evidence allowed at trial. Therefore, the State's reference to witnesses was not a prohibited, indirect and certain reference. We find no error, plain or otherwise.

■■■ Second, defendant submits that the prosecutor made statements that minimized the responsibility of the jury in considering punishment. In rebuttal, the State made the following statement regarding the co-defendant:

> Mr. Ostrander got sentenced to ten years for the burglary alone. He didn't serve it. You as a jury do not have control over how long he's gonna spend in the Department of Corrections. You simply get to set the number of years that he's sentenced to. If he gets released or placed on probation, that's outside your control and that's what happened with Mr. Ostrander.

Defendant argues the prosecutor misled the jury for two reasons. First, the prosecuting attorney misstated the facts. Ostrander, the co-defendant, pleaded guilty. There was no jury verdict. No jury was involved in his sentence. It was the result of a plea agreement, which is procedurally different than this jury-tried case. Second, the prosecutor improperly attempted to limit the jury's responsibility in a case where sentencing was a function of the jury. In support, he cites *State v. Roberts,* 709 S.W.2d 857 (Mo. banc 1986) for the proposition that minimization of the responsibility of a jury is not allowed. In *Roberts,* the court acknowledged Supreme Court Rule 29.05 which provides "[t]he court shall have power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." [2] *Id.* It reasoned

**2.** Rule references are to Missouri Court Rules (1998).

that a similar statement by the prosecutor correctly stated the law. The court did admonish prosecutors not to make such arguments, but it did not find plain error or a clear abuse of discretion. We find there was no plain error or abuse of discretion regarding rebuttal statements. Further, defendant opened the door to this argument by referring to the "breaks" in sentencing that the two co-defendants received.

There is overwhelming and substantial evidence to support the verdicts. There was evidence to support the armed criminal action charge. The closing argument issues are without merit.

We affirm.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.