

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| LELAND E. HUGHES, | ) | No. ED111629 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | Cause No. 1622-CC11398 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Respondent. | ) | Filed: July 23, 2024 |

Leland E. Hughes ("Movant") appeals the circuit court's judgment overruling his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Because the circuit court's findings of fact and conclusions of law are not clearly erroneous, the judgment is affirmed.

## Background

The evidence at trial showed that in November 2012, Movant and S.B. broke into a home, robbing the owner ("Homeowner"), his guest ("Guest"), and Homeowner's fiancée ("Fiancée"). S.B. stood guard over the home's occupants while Movant unsuccessfully attempted to withdraw money from an ATM using Homeowner's debit card. When Movant returned to the home, he took Fiancée into a bedroom and raped her at gunpoint. Movant and S.B. then took turns guarding the group while the other removed valuables from the home. Prior to leaving,

Movant and S.B. covered each person's head with dresser drawers and ordered them to count down from one thousand before moving.

At trial, numerous witnesses identified Movant as having been involved in the home invasion, rape, and theft. Movant's step-grandfather identified Movant and testified that Movant and S.B. stored the stolen items at his home. Homeowner, Guest, and Fiancée all testified about the events, and they all identified Movant as the perpetrator. Several police officers testified to identify seized evidence, and a forensic expert testified Movant's DNA was recovered from the home.

S.B. testified as a hostile witness, initially refusing to confirm who was with him during the home invasion. When Counsel began his cross-examination of S.B., S.B. refused to answer most of his questions. Counsel objected and requested a mistrial as a violation of Movant's constitutional rights. The circuit court overruled his objection and directed S.B. to respond. S.B. continued to refuse to answer questions. Counsel requested the entirety of S.B.'s testimony be stricken. The circuit court declared a lunch recess, allowing both sides to provide legal authority before the court ruled.

When trial resumed, the State informed the court that S.B. conferred with his counsel and was willing to testify. Accordingly, the circuit court overruled Counsel's motion to strike. Counsel resumed questioning S.B., and S.B. identified Movant as being with him during the home invasion. S.B. also testified Movant was arrested with him after fleeing from police.

Based upon the evidence presented, the circuit court found Movant guilty and sentenced him to serve forty-three years' imprisonment for first-degree burglary, first-degree robbery, two counts of kidnapping, five counts of armed criminal action, and one count of forcible rape. This

Court affirmed Movant's judgment of conviction and his sentences. *State v. Hughes*, 497 S.W.3d 400 (Mo. App. 2016).

Following his direct appeal, Movant timely filed *pro se* and amended motions for post-conviction relief pursuant to Rule 29.15. Movant raised three allegations of ineffective assistance of counsel. Movant alleged Counsel was ineffective for: (1) continuing to cross-examine S.B. until he made incriminating statements against Movant; (2) failing to investigate, locate, and call a potential alibi witness; and (3) failing to impeach Homeowner and Fiancée regarding their inconsistent memories of a prior incident when Fiancée briefly met Movant. The circuit court conducted an evidentiary hearing. Movant, Movant's trial counsel ("Counsel"), Movant's friend ("Friend"), and S.B. testified. The circuit court overruled Movant's post-conviction relief motion. Movant appeals.

## Standard of Review

This Court will affirm the circuit court's judgment unless its findings and conclusions are clearly erroneous. Rule 29.15(k); *McLemore v. State*, 635 S.W.3d 554, 559 (Mo. banc 2021). The circuit court's judgment is clearly erroneous only if this Court is left with "a definite and firm impression that a mistake has been made." *Hamilton v. State*, 598 S.W.3d 607, 610 (Mo. banc 2020) (quoting *Hounihan v. State,* 592 S.W.3d 343, 347 (Mo. banc 2019)). The circuit court's findings are presumed correct. *Greene v. State*, 585 S.W.3d 800, 803 (Mo. banc 2019). Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence." Rule 29.15(i).

## Analysis

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: (1) his or her counsel failed to exercise the

level of skill and diligence a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure. *Strickland v. Washington,* 466 U.S. 668, 687 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption counsel's conduct was reasonable and effective. *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019). "To overcome this presumption, a movant must identify specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. (quoting *Davis v. State*, 486 S.W.3d 898, 906 (Mo. banc 2016)). Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable. *Id.*

*Cross-Examination*

Movant claims that the circuit court's judgment was clearly erroneous in finding Counsel's strategic decision to continue cross-examining S.B. was not ineffective assistance of counsel because Counsel's strategy was unreasonable. Movant states that by continuing to cross-examine S.B., Counsel opened the door for S.B. to incriminate Movant after S.B. initially refused to do so. Additionally, Movant claims he was prejudiced by this testimony.

At the evidentiary hearing, Counsel testified he made a strategic decision to continue questioning S.B. Counsel was aware that, prior to Movant's trial, S.B. pleaded guilty and implicated Movant during the plea colloquy. Counsel testified he was concerned that if S.B. continued to deny remembering who committed the home invasion with him, the State could admit S.B.'s out-of-court statements about Movant. On the other hand, if S.B. continued to refuse to answer, the circuit court would strike his entire testimony and there would be no foundation to admit his prior incriminatory statements.

"Defense counsel has wide discretion in determining what strategy to use in defending his or her client." *Worthington v. State,* 166 S.W.3d 566, 578 (Mo. banc 2005). "[S]trategic

4

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable[.]" *Strickland,* 466 U.S. at 690. "Ineffective assistance of counsel will not lie where the conduct involves the attorney's use of reasonable discretion in a matter of trial strategy, and it is the exceptional case where a court will hold a strategic choice unsound." *Barton v. State*, 432 S.W.3d 741, 749 (Mo. banc 2014) (quoting *State v. White,* 798 S.W.2d 694, 698 (Mo. banc 1990)).

Nonetheless, Movant claims that Counsel's strategy decision was unreasonable. The only basis that Movant advances for this claim is that Counsel's chosen strategy was unsuccessful. But "[r]easonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Barton*, 432 S.W.3d at 749 (quoting *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006)). The circuit court did not clearly err in denying this claim.

*Failure to Locate, Investigate, and Call a Witness*

Movant next claims that the circuit court's finding that a potential alibi witness, Friend, could not have been located through a reasonable investigation before trial was clearly erroneous. Movant believes Counsel incorrectly placed the onus of locating Friend on Movant's mother.

At Movant's evidentiary hearing, Friend testified he had known Movant for fifteen to eighteen years and they were like brothers. Friend stated that he would have testified he was with Movant on the night of the home invasion. Accordingly, Movant asserts he was prejudiced by Counsel's failure to locate and call Friend to testify at trial.

"Ordinarily the choice of witnesses is a matter of trial strategy and will support no claim of ineffective assistance of counsel." *Anderson v. State*, 564 S.W.3d 592, 601 (Mo. banc 2018)

5

(quoting *Barton*, 432 S.W.3d at 750). "As a matter of trial strategy, the determination to not call a witness is virtually unchallengeable." *Worthington*, 166 S.W.3d at 577. Failure to call a witness whose testimony does not unqualifiedly support a defendant is not ineffective assistance of counsel. *Id*. "[T]o prevail on a claim of ineffective assistance of counsel for failure to call a witness, a movant must show: '(1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense.'" *Hosier*, 593 S.W.3d at 88 (quoting *Deck*, 381 S.W.3d 339, 346 (Mo. banc 2012)).

"Movant can prevail on a claim for ineffective assistance of counsel based on trial counsel's alleged failure to investigate only if he can demonstrate: (1) trial 'counsel's failure to investigate was unreasonable' and (2) Movant 'was prejudiced as a result of [trial] counsel's unreasonable failure to investigate.'" *Shockley v. State*, 579 S.W.3d 881, 897 (Mo. banc 2019) (quoting *Barton*, 432 S.W.3d at 759). "Counsel is not ineffective in failing to investigate a witness when counsel has insufficient information to allow him to locate the witness with a reasonable investigation." *Tinsley v. State*, 685 S.W.3d 56, 62 n.5 (Mo. App. 2024).

Movant provided Counsel with Friend's name prior to trial. Movant informed Counsel he thought he was with Friend the week of the home invasion and they might have been at a club together. Counsel attempted to locate Friend and tasked his investigator with finding him. However, the investigator was unable to locate Friend. The only telephone number they obtained was found on an incident report and was no longer working. Counsel received information that Movant's mother would have a way to contact Friend, but after contacting her, he never received any follow up information about Friend.

Counsel attempted to locate Friend by using multiple means, but was unsuccessful. While Movant and Friend knew each other for more than a decade and considered themselves as close as brothers, neither Movant nor his family were able to provide Counsel with any additional means of contacting Friend. "[T]he duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." *Strong v. State*, 263 S.W.3d 636, 652 (Mo. banc 2008) (quoting *Rompilla v. Beard,* 545 U.S. 374, 383, 125 S. Ct. 2456, 162 L.Ed.2d 360 (2005)).

Because Movant did not prove Friend could have been located through a reasonable investigation, Movant fails to demonstrate Counsel was ineffective. The circuit court did not clearly err in denying this claim.

*Impeaching Witnesses*

Movant claims that the circuit court clearly erred in finding that Counsel was not ineffective for failing to impeach Homeowner and Fiancée regarding their inconsistent memories of a prior incident in which Fiancée met Movant. The circuit court found that Counsel made a strategic decision not to impeach their testimony about unimportant details from a previous incident. Movant asserts his identification as one of the home invaders was a contested, crucial fact at trial.

At the evidentiary hearing, Counsel testified he did not impeach Homeowner and Fiancée's testimony because he did not want to undermine their experiences as victims. Further, the alleged inconsistencies were in regard to the witnesses' identification of Movant during a prior event, and not the crimes at issue. Counsel testified he did not view these inconsistencies as being significant enough to undermine the witnesses' credibility when identifying Movant during

7

the crimes in this case. Counsel also testified that, at trial, he attempted to discredit Fiancée's identification of Movant with evidence that Movant's face was mostly covered and Fiancée had only seen Movant one other time.

Counsel decision not to impeach Homeowner and Fiancée was a reasonable trial strategy. Merely failing to impeach a witness does "not warrant post-conviction relief unless the testimony offers a defense to the charged crimes." *Johnson v. State*, 406 S.W.3d 892, 904 (Mo. banc 2013). Movant "has the burden of showing that the impeachment would have provided [him] with a defense or would have changed the outcome of the trial, and [he] must also overcome the presumption that counsel's decision not to impeach was a matter of trial strategy." *Barton*, 432 S.W.3d at 750 (quoting *State v. Phillips*, 940 S.W.2d 512, 524 (Mo. banc 1997)).

Though Movant argues that a different trial strategy may have proved more successful, this argument amounts to "nothing more than second-guessing [C]ounsel's methods for carrying out [a] reasonable trial strategy simply because his defense was ultimately unsuccessful." *Phillips v. State*, 679 S.W.3d 43, 50 (Mo. App. 2023) (quoting *Payne v. State*, 509 S.W.3d 830, 837 (Mo. App. 2016)). While another attorney may have chosen a different strategy, Counsel's decision was "within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. The circuit court did not clearly err in denying this claim.

## Conclusion

The circuit court's judgment is affirmed.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Michael S. Wright, J., concur.

8